CITY OF PANAMA CITY, and SOUTHERN KRAFT CORPORATION v. H. A. PLEDGER, as Clerk Circuit Court, Bay County, J. M. LEE, State Comptroller, A. G. APPLEBERG, as Tax Collector of Bay County, and DUNCAN Mc-QUAGGE, as Tax Assessor of Bay County.

192 So. 470
Division B
Opinion Filed October 6, 1939
Rehearing Denied January 2, 1940

*Thomas Sale* and *Arthur G. Powell* (Atlanta, Georgia), for Appellants;

*George Couper Gibbs*, Attorney General, *W. P. Allen*, Assistant Attorney General, *Joseph W. Bailey* and *James N. Daniel*, for Appellees.

CHAPMAN, J.—The record in this case discloses that the City of Panama City on August 8, 1930, as the owner of a certain tract of land entered into a written lease contract with the Southern Kraft Corporation, by the terms of which possession of certain lands was given to the Southern Kraft Corporation for a period of fifty years, with the right of renewing or extending the lease for an additional period of forty-nine years, and the option to purchase the land by the Kraft Corporation from the City of Panama City for the sum of $300,000 at any time within the fifty-year period. The lease agreement provided for the construction of one public dock on a portion of the leased lands by the Kraft Corporation, and the City of Panama City was to contribute $125,000 toward the cost of construction. The contract also provided for the construction of other public and private docks and terminal facilities at the joint cost of the parties. The Kraft Corporation, after the purchase of the property, was required to operate the docks as a public utility.

The Kraft Corporation, by the terms of the contract, was to operate and manage all the public docks and pay to the City of Panama City a rental, but if the net earnings of the public dock exceeded in amount the fixed rentals, it had the option to accept the share of the net earnings rather than the amount of the fixed rentals. It was a term of the agreement that the City of Panama City should pay any taxes which might be assessed against the property.

The Kraft Corporation agreed within thirty months to erect on a portion of the leased lands a paper or pulp mill at a cost of not less than three million dollars.

The Kraft Corporation stipulated and agreed to pay to the City of Panama City each year a guaranteed minimum of $18,000 and to divide the net earnings on the docks in excess of the $18,000 a year in proportion to the amount

contributed by the parties toward the cost of the construction thereof, the City's initial contribution being reckoned at $300,000, that being the amount of the bonds issued by the City for dock purposes ($175,000 for the land and $125,000 toward the cost of the building of the first dock).

An amendment to the plaintiff's bill referred to as paragraph 7-A makes a map a part thereof and identifies the land involved in this suit as Tract No. 1, which lies to the west of the line A-B of the map, and Tract No. 2 identified as the property lying above line C-D.

Suit was brought in the lower court for the purpose of enjoining and restraining the Tax Assessor and Tax Collector of Bay County from assessing and collecting taxes on said lands, and to restrain the clerk of the circuit court from selling or transferring tax certificates against the property issued prior to the year 1930, as well as subsequent thereto. The State Comptroller was made a party defendant for the purpose of having the outstanding tax certificates decreed null and void *ab initio,* and that the officers of Bay County be perpetually enjoined from assessing and collecting taxes on said property.

The lower court, upon application, granted to the plaintiffs below a temporary restraining order as against the defendants, but on a subsequent hearing on a motion to dissolve the injunction and on motions to dismiss filed by the defendants, entered an order or decree dissolving the injunction and dismissing the bill of complaint. From this order or decree an appeal has been perfected to this Court and each of these orders argued as reversible error.

The pertinent or material grounds of the motion to dismiss were, viz.: (a) It has not been made to appear that the property described in the bill of complaint was *exempt* from State and County taxes for the years subsequent to the

year 1930; (b) it has not been made to appear that the property described in the bill was public property of the City of Panama City used or intended for public purposes; (c) it has not been made to appear that the property therein described was exempt from State and county taxes under Section 12 of Article IX of the Constitution of Florida; (d) the bill of complaint fails to allege sufficient facts to support a decree for the cancellation of the tax certificates issued prior to the year 1930, or to exempt the said property from future taxation; (e) it does not appear that the plaintiff is now actually using the lands involved in the suit. The land situated between lines A-B and C-D as shown by the map, upon which the paper mill is located, is not involved in this suit.

Counsel for appellants contend that the lands identified as tracts numbered 1 and 2 accurately described on the map made a part of the bill of complaint are exempt from *ad valorem* taxation as public property of the City of Panama City and intended to be used by it for municipal purposes within the meaning of Section 897 C. G. L. and Section 1 of Article IX of the Constitution of Florida, while it is contended by counsel for appellees that from the facts alleged in the bill of complaint it has not been made to affirmatively appear that tracts 1 and 2 are now held and being exclusively used for "municipal purposes" within the meaning of Section 16 of Article XVI of the Constitution of Florida.

The bill of complaint makes it clear that tracts 1 and 2 are not being used by the City or the Kraft Corporation for the contemplated dock system, but are being used for other purposes by the Kraft Corporation under the lease contract. The power to use the property is vested in the Kraft Corporation. The right or power exists for fifty years, with the option for an additional forty-nine years. The

docks actually controlled and now operated by the Kraft Corporation pay an annual rental or a share of the net annual earnings thereof provided it is greater in amount than the rental. The City of Panama City agreed by the lease to pay any taxes which might be assessed. The property is occupied by the Kraft Corporation and used by it in its said business, and the uses and purposes to which it is now being placed cannot possibly be classified as a public or municipal purpose but purely a private purpose.

The property identified as Tracts 1 and 2 as shown by the bill of complaint as being used by the Kraft Corporation are not being used for municipal purposes within the meaning of Section 16 of Article 16 of the Constitution of Florida, viz.:

"The property of all corporations, except the property of a corporation which shall construct a ship or barge canal across the peninsula of Florida, if the Legislature should so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes."

We have carefully considered the entire record, read briefs of counsel and examined authorities cited and fail to find reversible error.

The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.