210 So.2d 193 (1968)
HILLSBOROUGH COUNTY AVIATION AUTHORITY, a Public Body Corporate, Appellant,
v.
R.R. WALDEN, As Tax Assessor of Hillsborough County, Florida et al., Appellees.
No. 36990.
Supreme Court of Florida.
April 24, 1968.
Rehearing Denied June 5, 1968.
*194 Richard W. Reeves, of Allen, Dell, Frank & Trinkle, Tampa, for appellant.
W. Terrell Hodges, of Macfarlane, Ferguson, Allison & Kelly, Thomas C. MacDonald, Jr., Tampa, for appellees.
ERVIN, Justice.
This is an appeal of the Hillsborough County Aviation Authority, a public body corporate originally created by Ch. 23339, Special Acts 1945, from an interlocutory decree of the Circuit Court of Hillsborough County, Florida.
By way of explaining the chronology of this litigation and our present jurisdiction, we note that after we transferred the original appeal to us to the District Court of Appeal, Second District (see Hillsborough County Aviation Authority v. Walden, Fla. Sup., 196 So.2d 912), the parties below stipulated with the consent of the District Court that since the Circuit Court had held F.S. Section 192.62(2) (c), F.S.A., invalid in its interlocutory decree insofar as it was applied to the instant case, such holding could be assigned as error. Thereupon the District Court retransferred the appeal to us and, finding that the Circuit Court did pass upon the validity of said statute and its ruling thereon has now been assigned as error, we accept jurisdiction pursuant to the authority of Section 4(2), Article V, State Constitution, F.S.A., and treat the appeal as a petition for certiorari.
The interlocutory decree upheld assessment of local taxes for the years 1963, 1964 and 1965 by the Appellee, R.R. Walden, as Tax Assessor of Hillsborough County, Florida, upon certain properties, which are either owned outright by the Aviation Authority or which have been placed under the Aviation Authority's control or supervision by leases or agreements from their owners, viz., Hillsborough County and the City of Tampa. These properties are located in and around the Tampa International Airport. These properties assessed for taxes have been leased by the Aviation Authority to private firms operating businesses for private profit.
After hearing oral argument and studying the case, we agree with the findings of law and fact of the chancellor. We quote with approval from his interlocutory decree here appealed, as follows:
"The questions to be determined can be generally stated as follows: (a) whether certain real properties owned, controlled, possessed or occupied by the Plaintiff, Hillsborough County Aviation Authority, and leased by the Authority to private individuals or corporations for profit, are exempt or immune from ad valorem taxation; (b) whether the leasehold interests of the Authority's lessees are subject to separate assessment and taxation in the event the land is found to be exempt or immune; and (c) whether the Authority or its several lessees are obligated to pay the taxes in the event the land or the leasehold interests are found to be taxable.
"Counsel for all parties agreed that the last of these questions should not be argued or determined until the Court has decided the other, dominant issues; and accordingly, in resolving the first two of these questions and collateral issues related thereto, the Court finds as follows:
"1. Real property owned by the Plaintiff, Hillsborough County Aviation Authority, is exempt from ad valorem taxation. Section 5, Chapter 24579, Laws of Florida, 1947. Such property is not immune from taxation, however, since the Aviation Authority, unlike a county, is not *195 a political division or subdivision of the state. E.g., Broward County Port Authority vs. Arundel Corp., 206 F.2d 220 (5th Cir.1953); Aerovias Interamericanas De Panama vs. Board of County Commissioners of Dade County, 197 F. Supp. 230 (S.D. Fla. 1961). Hence, the decision in Park-N-Shop, Inc. vs. Sparkman, 99 So.2d 571 (Fla. 1957), holding county property to be immune from taxation (as opposed to exempt) does not apply to the properties in question except as hereinafter specifically noted.
"2. The exempt status of Aviation Authority property may be lost or legally abandoned when the same is leased or otherwise used for a predominantly private purpose, and only incidentally for a public purpose. Illinois Grain Corporation v. Schleman, 144 So.2d 329 (Fla.App.2d Dist. 1962); Panama City vs. Pledger, 140 Fla. 629, 192 So. 470 (1939); Bancroft Inv. Corporation vs. City of Jacksonville, [157 Fla. 546] 27 So.2d 162 (Fla. 1946); and c.f., State vs. Clay County Development Authority, 140 So.2d 576 (Fla. 1962). The Constitution, Article IX, Section 1 and Article XVI. Section 16, is a limitation upon and not a grant of the power of the legislature to exempt property from taxation. E.g., L. Maxcy, Inc. vs. Federal Land Bank [of Columbia], 111 Fla. 116, 150 So. 248 [151 So. 276] (1953); State [ex rel. Burbridge] vs. St. John, 143 Fla. 544, 197 So. 131 (1940); and State [ex rel. Miller] vs. Doss, 146 Fla. 752, 2 So.2d 303 (1941). Therefore, the special act exempting Aviation Authority property must be construed to afford such exemption only so long as the property is not being used for a predominantly private purpose; and Florida Statute 192.62(2)(c) (1965), F.S.A. is unconstitutional and void insofar as it purports to continue such exempt status even though the property is devoted to a predominantly private use.
"3. With the exception of a portion of the property leased to the Defendant Tampa Airport Motel, Inc., all of the property involved in this case was acquired by the Aviation Authority, either in its own name through proceedings in eminent domain, or from the City of Tampa by virtue of the special acts creating and defining the powers of the Authority (Chapter 23339, Laws of Florida, 1945, and Chapter 24579, Laws of Florida, 1947), and that certain agreement between the City and the Authority dated July 27, 1949 (Exhibit No. 4). While such agreement does not expressly convey the City's title to such property to the Aviation Authority, the Court finds that the Authority's interest therein is tantamount to absolute ownership so that the same becomes assessable or taxable in the name of the Authority upon abandonment or loss of its exempt status by leasing or otherwise devoting such property to a predominantly private use.
"4. A portion of the property leased by the Aviation Authority to the Defendant Tampa Airport Motel, Inc., is owned by Hillsborough County, the interest of the Authority therein being limited to that of a lessee for a term of 99 years by virtue of that certain lease between the County and the Authority dated March 16, 1951 (Exhibit No. 21). Such property is, therefore, immune from ad valorem taxation. Park-N-Shop, Inc. vs. Sparkman, 99 So.2d 571 (Fla. 1957). The Court finds, however, that the leasehold interest of the Defendant Tampa Airport Motel, Inc., is a separate, distinct interest in such property and may be assessed and taxed as real estate to the lessee, Tampa Airport Motel, Inc., which is using such property for a predominantly private purpose. Ocean Products, Inc. vs. Schleman, 23 Fla. Supp. 198 (Circuit Court, Hillsborough County, 1964), appeal dismissed, June 14, 1965, District Court of Appeal, Second District, Case No. 6385. C. f., Bancroft Inv. Corporation vs. City of Jacksonville, [157 Fla. 546] 27 So.2d 162 (Fla. 1946); State Road Department vs. White, 148 So.2d 32 (Fla.App.2d Dist. 1962); Rogers vs. Martin, 87 Fla. 304 [204], 99 So. 551 (1924); Campbell vs. McLaurin Investment Co., 74 Fla. 501, 77 So. 277 (1917); and Flowers vs. Atlantic *196 Coast Line Railway Co., 140 Fla. 805, 192 So. 321 (1939).
"5. With one exception hereafter noted, all of the leased premises described in Exhibits 5, 6 and 7 (copies of the tax assessment rolls for 1963, 1964 and 1965) are and were at all times material hereto being used by the respective lessees thereof for predominantly private as opposed to public or airport related purposes; and as a consequence thereof, the exempt status of such premises as Aviation Authority land was and is lost or abandoned. With respect to the Bartkes' Restaurant Service Building (as described in Exhibit No. 13), however, the Court finds that the use of such premises was and is predominantly public in nature as an indispensable facility supporting the operation of the restaurant located in the airport terminal building proper, its use for private purposes being only incidental in relation to such predominant, public use. See Gwin vs. City of Tallahassee, 132 So.2d 273 (Fla. 1961). Such premises, therefore, continue to enjoy the exemption afforded to Aviation Authority property.
"In view of the above and foregoing findings, it is therefore
"ORDERED, ADJUDGED AND DECREED:
"1. The ad valorem tax assessments in the name of the Hillsborough County Aviation Authority for the years 1963, 1964 and 1965 with respect to those premises occupied by The Bartkes' Restaurant Service Building are hereby adjudged and declared to be invalid.
"2. The ad valorem tax assessments in the name of the Hillsborough County Aviation Authority for the years 1963, 1964 and 1965 with respect to those premises owned by Hillsborough County, leased to the Aviation Authority and sub-leased to Tampa Airport Motel, Inc., are hereby adjudged and declared to be invalid. It is further adjudged and declared, however, that the Defendant R.R. Walden, as Tax Assessor of Hillsborough County, Florida, has the lawful right and duty to assess the leasehold interest of the said Tampa Airport Motel, Inc., in said premises as real property for each of such years.
"3. All other ad valorem tax assessments in the name of the Hillsborough County Aviation Authority for the years 1963, 1964 and 1965, as reflected by Exhibits 5, 6 and 7 herein, are hereby adjudged and declared to be lawful and valid.
"4. Jurisdiction of this cause is expressly reserved to implement this decree and resolve the remaining issues not specifically adjudicated and determined hereby."
By way of explanation of the interlocutory decree, we point out that the Circuit Court made a factual determination concerning whether certain of the properties leased to private firms or persons served a public or private purpose. The eight lessees involved are identified and their businesses described in a stipulation that was received as the Circuit Court's Exhibit No. 13. The chancellor ruled with the Authority that one of these eight leases was not taxable but held against the Authority as to the remaining seven. The businesses of the remaining seven which were found to be taxable are: (1) service station, (2) car rental company, (3) another car rental company, (4) motel, (5) construction company which rents a hangar for the storage of its private executive aircraft, (6) aircraft repair and salvage company, and (7) a company engaged in the repair of radio and communications equipment.
The chancellor determined that the activity of each of these seven businesses was predominantly private as opposed to public. We find no reason for disturbing the Circuit Court's factual determination of the purpose in which each lease falls.
We agree with the Circuit Court that insofar as F.S. Section 192.62(2) (c), *197 F.S.A., was deemed by the Aviation Authority to apply to and continue the exemption to properties covered by leases executed prior to the enactment of Section 192.62(2) (c), it is unconstitutional. See Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 So. 282, and Ex Parte Wise, 141 Fla. 222, 192 So. 872.
F.S. Section 192.62, F.S.A., reads in part:
"(1) Any real or personal property which for any reason is exempt or immune from taxation but is being used, occupied, owned, controlled or possessed directly or indirectly by a person, firm, corporation, partnership or other organization in connection with a profit making venture, whether such use, occupation, ownership, control or possession is by lease, loan, contract of sale, option to purchase or in any wise made available to or used by such person, firm, corporation, partnership or organization, shall be assessed and taxed to the same extent and in the same manner as other real or personal property.
"(2) This section shall not apply to property described in subsection (1) when:
* * * * * *
"(c) The property is owned or used by the state, any county, municipality, or public entity or authority created by statute and is leased or otherwise made available to such person, firm, corporation, partnership or organization by such public body for a consideration in the performance by the public body of a public function or public purpose authorized by law, or which property prior to the effective date of this act was leased for valuable consideration for the purposes not otherwise exempt hereunder * * *."
We also agree with the Circuit Court that the decision in Park-N-Shop, Inc. v. Sparkman, supra, does not apply to render immune from taxation the leasehold interest of Tampa Airport Motel, Inc.
The interlocutory decree is affirmed with direction that the Circuit Court proceed to final disposition of the cause in accordance herewith.
It is so ordered.
CALDWELL, C.J., and ROBERTS, DREW and ADAMS, JJ., concur.
THORNAL, J., dissents.