326 So.2d 425 (1975)
Mary WILLIAMS et al., Appellants,
v.
John R. JONES, As County Appraiser of Escambia County, Florida, Formerly Known As Tax Assessor of Escambia County, Florida, et al., Appellees.
DUNES MOTEL, INC., a Florida Corporation, et al., Appellants,
v.
John R. JONES, As County Appraiser of Escambia County, Florida, Formerly Known As Tax Assessor of Escambia County, Florida, et al., Appellees.
John J. LERGENMILLER, Jr., et al., Appellants,
v.
John R. JONES, As County Appraiser of Escambia County, Florida, Formerly Known As Tax Assessor of Escambia County, Florida, et al., Appellees.
Nos. 47434-47436.
Supreme Court of Florida.
December 17, 1975.
Rehearing Denied March 4, 1976.
*428 J. McHenry Jones of Jones, Liberis & Merting, Pensacola, for appellants.
J.B. Hopkins, Bert Lane of Beggs, Lane, Daniel, Gaines & Davis, Jack H. Greenhut, Pensacola, Robert L. Shevin, Atty. Gen., and Larry Levy, Asst. Atty. Gen., for appellees.
SUNDBERG, Justice.
This matter is before us on direct appeal from the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida. We have jurisdiction of the appeal pursuant to Article V, Section 3(b)(1), Florida Constitution, and Rule 2.1, subd. a.(5)(a), Florida Appellate Rules, in that the Circuit Court passed directly upon the validity of Sections 196.001(2), 196.199(6) and 196.199(7), Florida Statutes, by holding that the county appraiser properly assessed certain leasehold interests of the appellants for the three years last past for taxation as real property pursuant to the cited sections. Appellants are lessees of county-owned property from the Santa Rosa Island Authority which was created by Chapter 24,500, Special Laws of Florida 1947. The circuit judge specifically held that Sections 196.001(2), 196.199(6) and 196.199(7) do not violate the equal protection clause of the Florida Constitution or the Fourteenth Amendment of the Constitution of the United States. The sections of the Florida statute in question were enacted as a part of Chapter 71-133, Laws of Florida 1971, commonly referred to as the "tax reform act". It should be noted at the outset that notwithstanding the fact that the Division of Statutory Revision and Indexing placed the contents of Section 196.001 at that chapter of the Florida Statutes for 1971, Section 16 of Chapter 71-133, Laws of Florida 1971, provided that Chapter 192, Florida Statutes, was to be amended by adding such new section as Section 192.010. Whereas Chapter 196, Florida Statutes, is entitled "Exemption", Chapter 192, Florida Statutes, is entitled "Taxation, General Provisions".
The cases herein consolidated are representative of twenty-five cases filed in the court below wherein more than 300 taxpayers intervened.[1] The twenty-five cases were classed so as to embrace all the issues involved and allow for the differences and the particular status of taxpayers. Basically, the taxpayers are divided into classes of commercial and residential leaseholders. The commercial taxpayers are represented by enterprises such as the operation of barber shops, plumbing businesses, beauty shops, laundries, rental cottages or rental units, motels, restaurants and campgrounds. In addition to the constitutional points raised, such commercial taxpayers assert that the operation of their facilities constitutes a governmental or public purpose or function and, accordingly, such leaseholds are exempt from ad valorem taxation pursuant to Section 196.012(5), Florida Statutes. The main thrust of the appellants' *429 arguments is: (i) that the leasehold interests are a category of personal property which at common law would be classified as a "chattel real" or form of intangible personal property and, therefore, must be taxed in accordance with the provisions of Chapter 199, Florida Statutes, dealing with taxation of intangible personal property exclusively by the state; (ii) that the taxation of the leasehold interests as real property violates the provisions of Article VII, Section 2 and Section 4, of the Florida Constitution, as being an unreasonable classification under the "just valuation" mandate of such Article; and (iii) that the taxation of such leaseholds as real property violates the taxpayers' rights to equal protection under the Florida Constitution and the Fourteenth Amendment to the Constitution of the United States. The issues were framed by the appellees' Motions to Dismiss the several Amended Complaints of the appellants. After hearing upon the Motions to Dismiss the trial judge in entering his Order of Dismissal made extensive and well-reasoned findings of fact and conclusions of law.
The appellants, subsequent to the filing of the appellees' brief in this Court, moved to strike portions thereof relating to argument by appellees in response to an asserted attack by the appellants upon the statutes as constituting an impairment of contract rights of the appellants. Appellants contend that the issue was not raised below nor was it assigned as error. From our review of the record it appears clear that the issue was raised in the Complaints as amended and was addressed by the trial court. Be that as it may, whether the appellants concede the point or not, we deem that issue to have been disposed of adverse to the appellants by our opinion in Straughn v. Camp, 293 So.2d 689 (Fla. 1974). Accordingly, the Motion to Strike of the appellants is denied.
This is the third occasion in which the taxable status of leaseholds on Santa Rosa Island has been before this Court. See State v. Escambia County, 52 So.2d 125 (Fla. 1951), and Straughn v. Camp, supra. The factual background and legislative history concerning the special and general acts establishing the authority for development of Santa Rosa Island and the tax treatment of leaseholders on the Island is aptly set forth in Straughn v. Camp, supra and we deem it unnecessary to reiterate that background here.
The questions presented by the instant appeal essentially are: Does the Legislature have the power constitutionally to treat leasehold interests in public land such as are here involved as real property for ad valorem tax purposes and, secondly, has the Legislature done so through the enactment of the statutory provisions here under attack? We answer both propositions in the affirmative.
As to the power of the Legislature to so legislate, the words of Mr. Justice Terrell on rehearing in the case of Bancroft Inv. Corporation v. City of Jacksonville et al., 157 Fla. 546, 27 So.2d 162 (1946), provide a guiding principle concerning the function of the Court in reviewing the exercise by the Legislature of its taxing power when he stated at page 170 of the opinion:
"... We approach it on the premise that this is a democracy in which every parcel of property is expected to bear its due portion of the burden of government, unless exempted by the legislature in the manner provided by Section 1, Article IX of the Constitution. Courts have no more important function than to direct the current of the law in harmony with sound democratic theory."
In that case the Court, on rehearing, determined that the equitable interest of a purchaser of certain real property in Jacksonville, Florida, from the United States Government under an executory contract for sale was a sufficient interest in real estate to justify levy of ad valorem real estate taxes thereon.
*430 Appellants' assertion that the classification of a leasehold interest in public land as an interest in real estate violates the provisions of Section 2, Article VII, Constitution of Florida, is, we believe, untenable. That section merely provides that all ad valorem taxation shall be at a uniform rate within each taxing unit, subject to certain exceptions with respect to intangible personal property. The predecessor to Article VII, Section 2, was Article IX, Section 1, in the Constitution of 1885. That document required a "uniform and equal rate of taxation". The words "and equal" in the 1885 Constitution have been displaced in our current Constitution with the phrase "within each taxing unit". Such revision was simply for the sake of clarity. See commentary to Article VII, Section 2, Constitution of Florida, 26A F.S.A. Consequently, cases construing the former Article IX, Section 1, are relevant to an inquiry under Article VII, Section 2, of our present Constitution. In analyzing the restrictions upon the Legislature imposed by the former constitutional provision, this Court stated in Hayes v. Walker, 54 Fla. 163, 44 So. 747 (1907):
"Classifications for purposes of legislation may be made with reference to similarity of situation, circumstances, requirements, and convenience to best subserve the public interest. The test as to the validity of classifications for purposes of legislation is good faith, not wisdom."
The rate of the tax imposed by Section 196.001(2), Florida Statutes, is uniform as to all leaseholds of public property enumerated therein. The section under consideration does not apply non-uniformly in one political subdivision of the State of Florida as opposed to another. In that it applies similarly to all under like conditions, it cannot be said that such classification is arbitrary, unreasonable or unjustly discriminating.
By the same token appellants' attack upon the Legislature's ability to so classify under Article VII, Section 4, Florida Constitution, must fail. Article VII, Section 4, provides as follows:
"By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation, provided:
"(a) Agricultural land or land used exclusively for non-commercial recreational purposes may be classified by general law and assessed solely on the basis of character or use.
"(b) Pursuant to general law tangible personal property held for sale as stock in trade and livestock may be valued for taxation at a specified percentage of its value."
The limitation imposed by the foregoing section was clearly intended to be a check upon the Legislature so as to prohibit it from classifying property for ad valorem taxation in such a manner as to result in a valuation of any class of property at less than just value, subject to the provisos of subsections (a) and (b). In short, the clear intent of the revisers of the Constitution was to prohibit the Legislature from making only those classifications which would result in some property being taxed at less than its just value, except for the categories enumerated in subsections (a) and (b). The classifications created by Section 196.001(2) and Section 196.199, Florida Statutes, result in the holders of leases of publicly owned lands bearing their fair share of the tax burden, thus placing them on a parity with other real property in the private sector devoted to similar uses. Certainly the statutes under consideration do not mandate that the taxpayers' leasehold interest be assessed at less than or a percentage of just value. This proposition has been recognized in the case of Straughn v. Amoco Production Company, 309 So.2d 39 (Fla.App.2d 1975) where the court there had under consideration Section 193.481(1), Florida Statutes, *431 relating to oil and mineral leases. There the court said:
"The questions remain, however, whether the legislature can tax a leasehold interest as an estate in realty and, if so, whether it did so here. Ordinarily, leasehold interests in private real property are not amenable to ad valorem taxes. We are aware of no reason, however, why they cannot be if the legislature clearly so ordains and such classification is a reasonable one considering the purpose. Indeed, our Supreme Court expressly recognized oil and mineral leases as being exceptions to the general rule in Dade County v. Pan American World Airways, Inc." (Footnotes omitted)
The same conclusion was reached by this Court in the case of Park-N-Shop, Inc. v. Sparkman, 99 So.2d 571 (Fla. 1957), where the Court, confronted with the character of a commercial leasehold interest in property owned by Hillsborough County, determined that such an interest was neither tangible personal property nor intangible personal property, but concluded:
"In our examination of the tax statutes we have not found provisions for the specific assessment of the lessees' interest and we have been referred to none, although we are not conscious of any reason why the legislature could not set up machinery for that purpose in situations such as that presented in this case, but we are satisfied that the interests of lessees are neither tangible nor intangible personal property as presently defined." (p. 574)
Appellants rely heavily on the case of Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433 (Fla. 1973), wherein the Court had under consideration Section 195.062(1), Florida Statutes, commonly referred to as the "Rose law", which provided in pertinent part:
"... [The tax assessor's manual of instructions] shall provide that platted lands unsold as lots shall be valued for tax assessment purposes on the same basis as any unplatted acreage of similar character until 60 percent of such lands included in one plat shall have been sold as individual lots."
Justice Ervin, for the Court, concluded that such valuation was impermissible under Article VII, Section 4, Florida Constitution, because it provided for valuation of a class of property at less than just value, such property being not one of the classes within the provisos to Article VII, Section 4, i.e. agricultural land, land used exclusively for non-commercial recreational purposes, tangible personal property held for sale as stock in trade, or livestock. This case stands for the proposition only, then, that the Legislature is precluded from classifying property for valuation purposes at less than just valuation except in the instances of the provisos to Article VII, Section 4. The result obtained through application of Sections 196.001(2) and 196.199, Florida Statutes, is to require that the leasehold interests defined therein shall be taxed at a just valuation like "all other property" in the state. To accept the appellants' contention that the Legislature is without power to so classify such leasehold interests as real property would not only result in such leasehold interests being taxed on the reduced intangible personal property ad valorem rate but would also deprive the political subdivisions wherein the leaseholds are situated from raising revenues from such sources in order to defray the costs of the services supplied to the users thereof, services which include, especially, the education of the children of such users. The holder of a lease on Santa Rosa Island requires no less police protection, fire protection or education of his or her children than does his or her neighbor in the county who occupies under a fee simple title. But if appellants' argument is accepted the revenues derived from the tax of a leasehold as intangible personal property must constitutionally be paid into the coffers of the state rather than the local *432 political subdivision. See Article VII, Sections 1 and 9. The Legislature clearly has the power to classify so that all property devoted to private use is treated on a parity and, therefore, there is an equitable distribution of the tax burden. Basically, the appellants contend for a constitutional exemption from ad valorem real estate taxation where none exists and, if it did, such an exemption would undoubtedly be discriminatory and violative of the equal protection provisions of the Florida and United States Constitutions.
Which brings us to the assertion by the appellants that the statutory sections under attack are discriminatory as to them and deprive them of the equal protection mandated by the Florida Constitution and the 14th Amendment to the United States Constitution. Such assertion must be rejected because it has been long recognized that the Legislature, within developed constitutional limits, has broad powers of classification for taxation purposes so as to bring about a fair contribution by all property interests to the tax burden necessary to provide the revenues for the functioning of government. As stated by Mr. Justice Roberts in Just Valuation & Taxation League, Inc. v. Simpson, 209 So.2d 229 (Fla. 1968), where the separate classification of intangible personal property was under attack, "... Decisions by the federal courts recognizing the power of the state to classify property for the purpose of taxation are legion ..." The United States Supreme Court cases cited in his opinion are clearly representative of the cases reflecting that there is no United States constitutional prohibition against the exercise of broad powers of classification by a state legislature for purposes of taxation.
In determining whether the classification by a state legislature is reasonable, the United States Supreme Court has looked to the practical operation of the tax. As stated in American Oil Company v. Neill, 380 U.S. 451, 85 S.Ct. 1130, 14 L.Ed.2d 1 (1965);
"When passing on the constitutionality of a state taxing scheme it is firmly established that this Court concerns itself with the practical operation of the tax, that is, substance rather than form. (Citations omitted) This approach requires us to determine the ultimate effect of the law as applied and enforced by a State or, in other words, to find the operating incidence of the tax."
The practical effect of Sections 196.001(2) and 196.199, Florida Statutes, is to withdraw exemption from certain users of property and to impose an ad valorem real property tax upon them consistent with the tax imposed upon persons who make similar uses of property.
The proposition put forth by the appellants with respect to leaseholders of commercial property to the effect that they are exempt under Section 196.012(5), Florida Statutes, as performing a public purpose has, we believe, been aptly disposed of in Straughn v. Camp, supra. As stated therein at page 695:
"It is the utilization of leased property from a governmental source that determines whether it is taxable under the Constitution. Furthermore, tax exemptions should be strictly construed against the claimant. State v. Inter-American Center Authority (Fla. 1955) 84 So.2d 9. Reference is made particularly to Rast v. Hulvey, 77 Fla. 74, 80 So. 750, holding that where property was not being used solely for educational purposes, but was used also as a home by an individual and his family, it was not exempt from taxation. To the same effect see Amos v. Jacksonville Realty and Mortgage Co., 77 Fla. 403, 81 So. 524; Orlando Utilities Commission v. Millican [Milligan] (DCA 4 1969), 229 So.2d 262; State ex rel. Miller v. Doss, 146 Fla. 752, 2 So.2d 303; State v. Town of North Miami (Fla. 1952) 59 So.2d 779, text 784; Adams *433 v. Housing Authority of City of Daytona Beach (Fla. 1952) 60 So.2d 663 and Hillsborough County Aviation Authority v. Walden, supra [210 So.2d 193]."
The operation of the commercial establishments represented by appellants' cases is purely proprietary and for profit. They are not governmental functions. If such a commercial establishment operated for profit on Panama City Beach, Miami Beach, Daytona Beach, or St. Petersburg Beach is not exempt from tax, then why should such an establishment operated for profit on Santa Rosa Island Beach be exempt? No rational basis exists for such a distinction. The exemptions contemplated under Sections 196.012(5) and 196.199(2) (a), Florida Statutes, relate to "governmental-governmental" functions as opposed to "governmental-proprietary" functions. With the exemption being so interpreted all property used by private persons and commercial enterprises is subjected to taxation either directly or indirectly through taxation on the leasehold. Thus all privately used property bears a tax burden in some manner and this is what the Constitution mandates.
Having established that the Legislature has the power constitutionally to tax the leasehold interests in question as real property, we turn to the question of whether or not it has done so. Appellants submit that even if such leasehold interests are not exempt under Sections 196.199(2)(a) and 196.012(5), Florida Statutes, that the tax imposed by Section 196.001(2), Florida Statutes, is merely an ad valorem intangible personal property tax because none of the statutory provisions relied upon by the appellees expressly state that the leasehold estates in question are to be taxed "as an interest in real property". The appellants cite numerous cases from many jurisdictions to the effect that at common law a leasehold interest is considered as a "chattel real" or a species of personal property. It should be noted, however, that each of the two Florida cases cited by appellants as authority for their position, Thalheimer v. Tischler, 55 Fla. 796, 46 So. 514 (1908) and Oliver v. Mercaldi, 103 So.2d 665 (Fla.App.2nd 1958), states the rule that in the absence of a statute changing the common law rule a leasehold estate is a "chattel real" and is to be classed as personalty rather than realty. In construing the provisions of Section 73.10(4), Florida Statutes, in 1962 the Second District Court of Appeal in the case of State Road Department v. White, 148 So.2d 32 (Fla.App.2nd 1962), cert. discharged, 161 So.2d 828 (Fla. 1964) opined:
"Turning to the law on the subject of ownership interest by a lessee, we find that, in the law of real property, it is well established that a valid lease for a term of years is a conveyance of an interest in land. Flowers v. Atlantic Coast Line Railway Co., 1939, 140 Fla. 805, 192 So. 321; Campbell v. McLaurin Investment Co., 1917, 74 Fla. 501, 77 So. 277. A lessee's interest in a leasehold estate is thus stated: `During the life of a lease, the lessee holds an outstanding leasehold estate in the premises, which for all practical purposes is equivalent to absolute ownership. The estate of the lessor during such time is limited to his reversionary interest, which ripens into perfect title at the expiration of the lease.' Rogers v. Martin, 1924, 87 Fla. 204, 99 So. 551, 4th Headnote. In the case of DeVore v. Lee, Comptroller, 1947, 158 Fla. 608, 30 So.2d 924, it is stated: `A lease has been defined as "`a conveyance by the owner of an estate to another of a portion of his interest therein for a term less than his own'" and "it passes a present interest in the land for the period specified."' In the law of eminent domain, a lessee for years under a written lease is an owner of property in the constitutional sense, and is entitled to share in the compensation when all or a part of the leased property is taken during the period of the lease. 12 Fla.Jur., *434 Eminent Domain, Sec. 91, Leasehold Interests, page 63."
Section 73.10(4), Florida Statutes, nowhere referred to a lease or leasehold interest, but permitted the jury in a condemnation proceeding to take into consideration damages to an established businees of more than five years' standing "owned by the party whose lands are being so taken, located upon adjoining lands owned or held by such party". Accordingly, for purposes of condemnation award it has been concluded by the courts of this state that a leasehold interest is a species of real property under a statute that did not expressly so state. The predecessor to Subsection 196.001(2) and Section 196.199, Florida Statutes, enacted in 1971, was Section 196.25, Florida Statutes, enacted in 1969, which in turn was a verbatim reenactment of Section 192.62, Florida Statutes, enacted in 1961. Section 196.25, Florida Statutes, provided in pertinent part as follows:
"(1) Any real or personal property which for any reason is exempt or immune from taxation but is being used, occupied, owned, controlled or possessed, directly or indirectly by a person, firm, corporation, partnership or other organization in connection with a profit making venture, whether such use, occupation, ownership, control or possession is by lease, loan, contract of sale, option to purchase or in any wise made available to or used by such person, firm, corporation, partnership or organization, shall be assessed and taxed to the same extent and in the same manner as other real or personal property.
"(2) This section shall not apply to property described in subsection (1) when:
"* * *
"(c) The property is owned or used by the state, any county, municipality, or public entity or authority created by statute and is leased or otherwise made available to such person, firm, corporation, partnership or organization by such public body for a consideration in the performance by the public body of a public function or public purpose authorized by law, or which property prior to the effective date of this section was leased for valuable consideration for purposes not otherwise exempt hereunder; ... ."
Section 192.62, Florida Statutes, was obviously enacted in 1961 by the Legislature in response to the Court's observation in Park-N-Shop, Inc. v. Sparkman, supra, that a leasehold interest in publicly owned land was neither tangible nor intangible personal property but that there was no reason why the Legislature could not set up machinery to tax such a leasehold interest. See footnote 3 to the majority opinion in Dade County v. Pan American World Airways, Inc., 275 So.2d 505 (Fla. 1973). That decision also recognized, in footnote 8, that the exemption contained in Section 196.25, Florida Statutes, repealed in 1971, is covered in the present Section 196.199, Florida Statutes, enacted in 1971 as a part of Chapter 71-133, Laws of Florida 1971.
Section 192.62, Florida Statutes, was expressly construed by this Court in Hillsborough County Aviation Authority v. Walden, 210 So.2d 193 (Fla. 1968), wherein we approved the determination by the trial court that the leasehold interest of a motel operator from the Aviation Authority, a tax-exempt body, was a separate, distinct interest in such property and was amenable to assessment and taxation as real estate to the lessee, which was using such property for a predominantly private purpose. In the Walden case, supra, the lessee asserted that it performed a public purpose or function and should thereby enjoy an exemption from taxation upon the same principle as the appellants here contend that they are exempt under Subsection 196.012(5), Florida Statutes. It will be observed that Section 192.62, Florida Statutes, although using the term "lease" simply says that *435 such use shall be assessed and taxed to the same extent and in the same manner as other real or personal property. Accordingly, it required interpretation by the Court to conclude that the leasehold interest in question was to be taxed as real property and conclusively reflects that this Court has accepted that proposition. In his dissent in Dade County v. Pan American World Airways, Inc., supra, Mr. Justice Ervin discarded as without merit the contention by the airline that its leasehold interests, if taxable, were only taxable as intangible personal property. He cited as authority therein Hillsborough County Aviation Authority v. Walden, supra, and State Road Department v. White, supra. In Straughn v. Camp, supra, Justice Ervin stated at page 695 of the opinion:
"The plaintiffs (appellees) admit that the great majority of their leases are those wherein an individual lessee is occupying and enjoying a private home for the use and benefit of the lessee and his or her family. Hillsborough County Aviation Authority v. Walden, supra, construed the predecessor law (F.S. Section 192.62, F.S.A.) to Chapter 71-133 and held that despite exemption of prior leases, an airport authority lease for a motel at an airport is taxable. It is obvious that holding is applicable here." (Emphasis supplied)
The language in Justice Ervin's dissent in Dade County v. Pan American World Airways, Inc., supra, makes clear that the emphasized language quoted just above refers to a lease for a motel at an airport being taxable as an interest in real property.
Our conclusion is further buttressed by the principle of statutory construction which provides that the Legislature is presumed to know the existing law when it enacts a statute and is also presumed to be acquainted with the judicial construction of former laws on the subject concerning which a later statute is enacted. See 30 Fla.Jur., Statutes, Section 110, page 270, and Collins Investment Co. v. Metropolitan Dade County, 164 So.2d 806 (Fla. 1964). With this rule of construction in mind we can only conclude that the Legislature was aware of the development of the law in this area from Park-N-Shop, Inc., supra, through Hillsborough County Aviation Authority v. Walden, supra, when it enacted the series of statutes hereinabove considered (192.62, 1961; 196.25, 1969; and 196.001(2) & 196.199 (1971). Therefore, in treating with exemptions in Chapter 71-133, Laws of Florida 1971, the Legislature deemed it only necessary to provide that leasehold interests in public lands shall no longer enjoy exemption from ad valorem taxation except under the limited circumstances therein prescribed. The rule is that all property is subject to taxation unless expressly exempt and such exemptions are strictly construed against the party claiming them. State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla. 1958).
Appellants contend that Section 196.001, Florida Statutes, cannot be construed to impose the tax herein asserted in that it appears in the chapter on exemptions. As heretofore alluded to, the Legislature by Section 16 of Chapter 71-134, Laws of Florida 1971, directed that the provisions of Section 196.001 be incorporated in the statutes as Section 192.010 bearing the heading "Property Subject to Taxation." The placement by the Statutory Revision and Indexing Division of such provisions in the chapter on exemptions cannot affect the intent of the Legislature as expressed in Chapter 71-133, Laws of Florida 1971.
Our attention has not heretofore focused upon Subsection (6) of Section 196.199, Florida Statutes, which reads:
"Property which is originally leased for 99 years or more, exclusive of renewal options, shall be deemed to be `owned' for purposes of this section."
*436 Since Subsection (2)(a) of Section 196.199, Florida Statutes, effectively removes from the exemption afforded property owned and used by the designated governmental units all leasehold interests which do not serve or perform a governmental, municipal, or public purpose or function as defined in Section 196.012(5), regardless of the length of the lease, it must be concluded that Subsection (6) dealing with 99-year leases was intended by the Legislature to provide a standard for valuation. Leases for an initial term of less than 99 years are to be valued based on the economic value thereof taking into consideration, among other things, the duration of the unexpired term of the lease, while in the case of leases for an initial term of 99 years or more the lessee may be considered to be the owner "in fee simple" and the property subject to the lease shall be valued for tax purposes as all other property owned in fee simple. Since a lease for a term of 99 years or more is tantamount to ownership of the fee, we do not construe this to be an unreasonable classification by the Legislature. The Constitution employs a similar standard in the Homestead Exemption provision found in Article VII, Section 6, Florida Constitution.
Appellants also contest the procedure for enforcement of the tax as found in Section 196.199(7), Florida Statutes. We do not concur in appellants' objection. Since the fee simple title to the property subject to lease cannot be reached or attached to satisfy the tax indebtedness, the cited section substitutes other property of the taxpayer and allows for recovery by way of an action against the taxpayer. The manner of securing collection of taxes is purely a legislative matter not to be disturbed by the Court unless constitutionally defective. The procedure for collection and enforcement embodied in Section 196.199(7), Florida Statutes, is consistent with the nature of the property being taxed and is a legislative determination resting within the legislative power. The rule is thus stated in 84 C.J.S.Taxation § 644, at page 1323:
"While it has been stated as a general proposition that, unless other provision is made, a tax on property is collectable only from the property assessed, it has been recognized that it is within the power of the state to make one class or kind of property responsible for taxes levied and assessed against another kind or class of property, and, under constitutional or statutory provisions, a tax may be collected not only from the property against which the levy was made, but also from property other than that against which the tax was levied, and any property of a person against whom a tax has been levied may be subject to process for the collection of the tax... ." (Footnotes omitted) (Emphasis supplied)
And at pages 1319-20 it is stated:
"... On the other hand, in many jurisdictions the owner of real estate is personally liable for taxes levied on the property, and this is true notwithstanding the existence of a lien on the property for the collection of the taxes. Personal liability may exist even in the absence of any provision for obtaining a personal judgment for such taxes ..." (Footnote omitted) (Emphasis supplied)
The foregoing principles are consistent with the collection procedures imposed by Section 199.262, Florida Statutes, dealing with intangible personal property tax.
In response to the suggestion by appellants that a charge in lieu of taxes was taken into consideration in establishing the rent paid by the lessees we would simply say that if such is the case such lessees may very well be entitled, in a proper forum, to seek an equitable adjustment of *437 their rental payments which would recognize any proven charge incorporated therein which was intended to be in lieu of taxes.
We find no justification for prospective operation of this decision in that we do not find the same state of facts here as relied upon by Mr. Justice Ervin in Interlachen Lakes Estates, Inc. v. Snyder, supra. There the majority found that persons relied on a state statute assuming it to be valid despite the new provisions of the 1968 State Constitution. Nor do we find equitable estoppel present as in the case of City of Naples v. Conboy, 182 So.2d 412 (Fla. 1965). In each of those cited cases the taxing authorities acted in accordance with a statute or ordinance and thereby undervalued the property of the taxpayers, thus presumably, lulling the taxpayers into a sense of reliance upon the invalid provisions. In the instant case the taxing authorities have consistently assessed the leasehold interests as real property in accordance with Section 196.001, Florida Statutes, subsequent to its enactment into law in 1971 and have in nowise misled the taxpayers concerning the interpretation of the law. Prior to the enactment of Chapter 71-133, Laws of Florida 1971, in fact since 1961, the general laws of Florida explicitly designated leaseholders on Santa Rosa Island as exempt from taxation. However, Chapter 71-133, Laws of Florida 1971, just as explicitly eliminated their designation for exemption. Any reliance upon the interpretation of Chapter 71-133, Laws of Florida 1971, espoused by appellants herein cannot be deemed to be the sort of reasonable reliance which should move this Court to apply this decision only prospectively.
Accordingly, the orders appealed from are affirmed.
ADKINS, C.J., ROBERTS, BOYD, OVERTON and ENGLAND, JJ., and FERRIS, Circuit Judge, concur.
NOTES
[1] Although the parties in their briefs assume all of the leaseholds involved in the litigation are for an initial term of 99 years, the record in Joe E. Barnes, etc. v. John R. Jones, etc., et al., reflects by Exhibit C attached to the Complaint that at least one of the leases is for an initial term of only 25 years.