McCORD, Judge.
This is an appeal from a final judgment in favor of appellees (defendants below) entered on appellant’s (plaintiff below) motion for judgment on the pleadings. The complaint sought declaratory judgment and injunctive relief against appellees. The issue in the trial court and on this appeal is the interpretation of § 196.199(6) and (7)(a) and § 197.116(7), Fla.Stat.1975.
At the time the complaint was filed, ap-pellee E. J. Gibbs, Escambia County Tax Collector, was proceeding to effect collection of delinquent taxes on leasehold interests in governmentally owned property on Santa Rosa Island in Escambia County pursuant to § 197.116, Fla.Stat. Appellant State of Florida Department of Revenue contended in the trial court and contends here that the exclusive procedure for the collection of unpaid taxes on such leasehold interests is that provided in §§ 196.199(7) and 197.116(7). The trial court ruled otherwise. We disagree and reverse.
By stipulation in the trial court, a temporary restraining order was entered enjoining Gibbs from accepting applications for tax deeds from holders of tax sale certificates issued on property described therein (and which might be affected by this action) for unpaid ad valorem taxes due for the years 1972, 1973, and 1974; enjoining appellee the Escambia County Board of Commissioners from transferring any tax sales certificates issued on such described property for such tax year; and enjoining appellee Millard Guy Hilburn from transferring any tax sales certificates issued on property which certificates had been purchased by him prior to the commencement of the lawsuit. All other tax sales certificates which might be affected by this action had been struck off to the County.
As above stated, the taxes involved in this suit are taxes levied upon leasehold interests in governmentally owned property. § 196.001(2), Fla.Stat., provides:
“Unless expressly exempted from taxation, the following property shall be subject to taxation in the manner provided by law:
♦ * * * * *
(2) All leasehold interests in property of the United States, of the state, or any political subdivision, municipality, agency, authority or other public body corporate of the state.”
The leasehold interests on Santa Rosa Island which are subject to tax include both 99-year leases and leases for lesser terms of years. § 196.199 provides for certain exemptions of property owned by governmental units, and subsection (2)(a) thereof provides that,
“Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities and other public bodies corporate of the state shall be exempt from ad valorem taxation only *564 when the lessee serves or performs a governmental, municipal, or public purpose or function, . .
The leases involved in this case are subject to taxation and do not fall within any exemption. The salient provisions of § 196.-199 which are involved in this suit are subsections (6) and (7)(a) which state as follows:
“(6) Property which is originally leased for 99 years or more, exclusive of renewal options, shall be deemed to be ‘owned’ for purposes of this section.
(7)(a) Any and all of the aforesaid taxes on any leasehold described in this section shall not become a lien on same or the property itself, but shall constitute a debt due and shall be recoverable by legal action or by the issuance of tax executions that shall become liens upon any other property in any county of this state .of the taxpayer who owes said tax.” (Emphasis supplied.)
Appellee tax collector contends (and the trial court agreed) that under the above quoted subsection (6) and subsection (7)(a), leases of 99 years or more are to be valued as though they were fee ownership and are to be treated like fee ownership in the collection process; that the taxes thereon are to be collected under § 197.116, Fla. Stat.1975, by sale of tax certificates on the leasehold interests just as tax certificates are sold for unpaid taxes on fee interests. It is his view that subsection (7)(a) above only applies to leasehold interests of less than 99 years duration.
The Supreme Court in Williams v. Jones, 326 So.2d 425 (Fla.1975), in upholding the constitutionality of this statute, clarified the meaning of subsection (6) in a way that we find controlling on the question presented here. There the court said:
“Our attention has not heretofore focused upon Subsection (6) of Section 196.199, Florida Statutes, which reads:
‘Property which is originally leased for 99 years or more, exclusive of renewal options, shall be deemed to be “owned” for purposes of this section.’ Since Subsection i(2)(a) of Section 196.199, Florida Statutes, effectively removes from the exemption afforded property owned and used by the designated governmental units all leasehold interests which do not serve or perform a governmental, municipal, or public purpose or function as defined in Section 196.012(5), regardless of the length of the lease, it must be concluded that Subsection (6) dealing with 99-year leases was intended by the Legislature to provide a standard for valuation. Leases for an initial term of less than 99 years are to be valued based on the economic value thereof taking into consideration, among other things, the duration of the unexpired term of the lease, while in the case of leases for an initial term of 99 years or more the lessee may be considered to be the owner ‘in fee simple’ and the property subject to the lease shall be valued for tax purposes as all other property owned in fee simple. Since a lease for a term of 99 years or more is tantamount to ownership of the fee, we do not construe this to be an unreasonable classification by the Legislature.” (Emphasis supplied.)
The Supreme Court has thus ruled that subsection (6) was intended by the Legislature to provide a standard for valuation. Although it did not specifically say that such is the only purpose of that subsection, it is our view that the only meaning and purpose of the subsection is to provide a standard of valuation. To construe it otherwise would directly conflict with the immediately following subsection (7)(a) which provides that, “Any and all of the aforesaid taxes on any leasehold described in this section shall not become a lien on same or the property itself, . . .” (Emphasis supplied.) The 99-year leases are leaseholds described in the section referred to in § 196.199. The legislative intent, as we here construe it, is also borne out by subsection (7) of § 197.116, Fla.Stat., (the statute dealing with sale of tax certificates for unpaid taxes) which states as follows:
“(7) No certificate shall be sold on, nor any lien created in, property owned by any governmental unit whose property *565 has become subject to taxation due to its lease to a nongovernmental lessee. Such delinquent taxes shall be enforced and collected in the manner provided in s. 196.199(7).” (Emphasis supplied.)
When we consider the above statutes in pari materia, it is clear that the Legislature has established an exclusive procedure for collection of taxes levied on all private leaseholds of governmentally owned real property and that subsection (6) of § 196.-199 provides only the method of valuation of leases of 99 years or more.
Reversed and remanded for further proceedings consistent herewith.
BOYER, C. J., and MILLS, J., concur.