497 So.2d 705 (1986)
Robert ENSLEIN, Appellant,
v.
Sandor GERE and Ibola Gere, Appellees.
No. 4-86-0586.
District Court of Appeal of Florida, Fourth District.
November 12, 1986.
Richard J. Potash of Richard J. Potash, P.A., North Miami Beach, for appellant.
Robert W. Heaton, Jr., Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
This is an appeal from the trial court's denial of appellant's motion for attorney's fees in connection with an action for visitation by the maternal grandparents of his son. We reverse and remand with direction to apply section 61.16, Florida Statutes (1985).
In January 1985, the maternal grandparents filed a supplemental petition for grandparent visitation rights pursuant to section 61.1301, Florida Statutes (1984). Appellant, pro se, filed his answer to the petition, alleging, among other things, that the petition was "unnecessary and without justification" in that appellant "believed and continues to believe that it would be in the best interest of the minor child to be allowed visitation with the maternal grandparents"; and that the real purpose of the action was to burden him financially. When appellant subsequently retained counsel, one of the issues raised by counsel in "Petitioner/Former Husband's Compliance With Order of Pre-Trial Instructions" was whether appellant was entitled to attorney's fees. There was no mention by either party in any pre-trial pleading of chapter 752, Florida Statutes (1985).
The hearing on visitation was held on October 21, 1985. In its order, which spelled out appellees' visitation rights, the court specifically retained jurisdiction for the determination of the issue of attorney's fees for appellant  both as to entitlement and amount. On December 9, 1985, appellant filed a motion for attorney's fees, which did not mention a statutory basis for attorney's fees but pointed out that appellant had never contested visitation per se, just the parameters of such; and that the trial court's order closely reflected the parameters suggested by appellant. Filed with the motion was appellant's financial affidavit. The motion was heard on January 26, 1986, after the publication of Florida Statutes (1985); and on February 25, 1986, the trial court denied the motion finding:
1. Section 752.01 et seq. of the Florida Statutes does not authorize an award of attorney's fees for proceedings involving grandparental visitation.
The first issue, namely whether the renumbering and relocation of the grandparental visitation act from chapter 61 to chapter 752 by the division of statutory revision divested appellant of his right to seek attorney's fees, is not contested by appellees.
*706 Section 61.1301 which took effect on October 1, 1984, see chapter 84-64, Laws of Florida, creates visitation rights of grandparents and the remedy to seek same by petition.
The statutory revision division renumbered section 61.1301, and, without making any changes in its wording, placed it in chapter 752.[1] As appellees concede, although the wording of the law was not altered, removing it from chapter 61 had the effect of taking away the parties' statutory right to attorney's fees,[2] thereby making a substantive change which the division had no authority to do. See Shuman v. State, 358 So.2d 1333, 1338 (Fla. 1978). Because chapter 752 does not provide for attorney's fees, the trial court refused to award any to appellant. The conceded general issue in this case is whether the fact that chapter 752 has been published has any effect on appellant's eligibility for attorney's fees. We hold it does not. See Sections 11.2421 and 11.242(5)(c) and 11.244, as well as Shuman v. State, 358 So.2d at 1338. See also chapter 85-59, Laws of Florida, from which section 11.2424 is derived; and Williams v. Jones, 326 So.2d 425, 435 (Fla. 1975) (legislature presumed to know existing law when it enacts a statute).
We find the other points raised by appellees to be without merit.
HERSEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] Section 752.01 published in Florida Statutes (1985), states:

(1) The court may, upon petition filed by grandparent of a minor child, award reasonable rights of visitation[1] to the grandparent with respect to the child when it is in the best interest of the minor child if:
(a) One or both parents[2] of the child are deceased;
(b) The marriage of the parents[2] of the child has been dissolved; or
(c) A parent[2] of the child has deserted the child.
(2) This act does not provide for grandparental visitation rights for children placed for adoption under chapter 63 except[3] as provided in s. 752.07 with respect to adoption by a stepparent.
History  s. 1, ch. 84-64.
[1] Note  The words "to the grandparent with respect to the child" were inserted by the editors.
[2] Note  The words "of the child" were inserted by the editors.
[3] Note  The words "as provided in s. 752.07" were substituted by the editors for the words "pursuant to s. 61.1301(2)." Section 752.07 was enacted by s. 1, ch. 84-64 (C.S. for H.B. 487) and represents the compilation of s. 61.1301(3), as created by s. 1 of that act, which subsection was renumbered from s. 61.1301(2), as numbered in the unengrossed version of s. 1 of C.S. for H.B. 487, to s. 61.1301(3) as a result of Amendments 4 and 7 and Senate Amendment 1 to C.S. for H.B. 487; see 1984 House Journal, pp. 262 and 270, and 1984 Senate Journal, p. 323, respectively.
[2] Section 61.16, Florida Statutes (1985), states:

The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.
History  s. 1, ch. 22676, 1945; s. 16, ch. 67-254; s. 17, ch. 71-241.
Note  Former s. 65.17.