Dear Mr. Stebbins:
On behalf of the Santa Rosa Island Authority, you have asked for my opinion on substantially the following question:
Is the Santa Rosa Island Authority authorized to offset lease fees payable to the authority from commercial leaseholders equal to ad valorem taxes collected against commercial leaseholders?
The Santa Rosa Island Authority was created by Chapter 24500, 1947 Laws of Florida, as a dependent special district of the county.[1] The authority is a board created and appointed by the county commissioners of Escambia County to "use the Island for such purposes as it shall deem to be in the public interests"[2] and has various governmental powers.
Section 3(a) of the 1947 act provides:
"The County Commissioners are authorized and required to delegate to and vest power and authority in a board hereinafter provided for, to be known as Santa Rosa Island Authority, to exercise, do and perform all of the authority, powers, duties, acts and things herein granted to, vested in, or authorized to be exercised by the County or County Commissioners, which shall include the power and authority herein granted to or vested in said County Commissioners to lease the Island from time to time, in whole or in part or parts; to purchase, construct, extend, improve, own, maintain, insure and operate, either itself or by contract or lease with individuals, firms or corporations, all of the bridges, buildings, structures, facilities, projects, developments, streets, playgrounds, installations, utilities, properties, establishments and things mentioned in this Act; to acquire, sell and dispose of property; to fix and collect tolls, rents, revenues and profits; to advertise the Island; to adopt and enforce building codes and health, sanitation and safety rules and regulations, and regulations generally; and to enter into leases and contracts. The foregoing enumeration of specific powers and authority shall not be held to limit or restrict in any manner the delegation to and vesting in said Authority of all of the authority, powers and duties granted to or vested in said County or County Commissioners by this Act. Provided, however, that any power or authority that cannot be lawfully delegated to and vested in said Authority by the County Commissioners, and the power and authority to issue revenue bonds or certificates and to acquire property by condemnation shall remain exclusively in the County Commissioners and the County Commissioners are authorized and empowered to exercise all such powers and authority." (emphasis in original)
Thus, the special act authorizes the Santa Rosa Island Authority to exercise the authority of the county with regard to the powers granted by the special act.[3] The act does not, however, vest all the powers and authority of the County Commissioners in the Santa Rosa Island Authority.[4] The authority was created for specific, limited purposes and does not possess the broader home rule powers of the county.[5]
It is a well established rule that special districts have only such powers as are expressly granted to them by law or those necessarily implied because they are essential to carry into effect those powers expressly granted.[6] While it is clear from a reading of the enabling legislation for the authority that the powers granted to it are broad, those powers are limited and no provision of Chapter 24500, Laws of Florida 1947, or subsequent amendments, [7] authorizes the Santa Rosa Island Authority to rebate ad valorem taxes.
In Archer v. Marshall, [8] the Florida Supreme Court found unconstitutional a special act providing for a reduction in rent paid to the Santa Rosa Island Authority in an amount equal to the ad valorem taxes paid on the leasehold interest for the previous year. The Court determined that the law created an indirect exemption from ad valorem taxation not authorized by the State Constitution. The trial court, quoted extensively by the Florida Supreme Court, had determined that the legislation violated the state constitution in six different respects:
"(1) it creates an illegal exemption from taxation on property not authorized by the state constitution; (2) its effect is to provide for ad valorem taxation at a non-uniform rate within the taxing unit of Escambia County, in violation of Article VII, Section 2; (3) it violates Article III, Section 11(a)(8), which prohibits special laws, or general laws of local application pertaining to the refund of money legally paid; (4) it is a special act pertaining to the care, custody, and method of disbursing county funds, prohibited by Article VIII, Section 1(b); (5) its effect violates Article VII, Section 10, which prohibits the use by a county of its taxing power or credit to aid any person; (6) it is a special law pertaining to the assessment and collection of taxes for state or county purposes which is prohibited by Article III, Section 11(a)(2)."[9]
As the Court noted:
"Regardless of the term used to describe the set-off, the reduction in rent afforded the leaseholders has the effect of a tax exemption and as such is unconstitutional since such exemption is not within the provisions of our present state constitution. Williams v. Jones,326 So.2d 425 (Fla. 1975); Straughn v. Camp, 293 So.2d 689 (Fla. 1974). It is fundamentally unfair for the Legislature to statutorily manipulate assessment standards and criteria to favor certain taxpayers over others. Interlachen Lakes Estates, v. Snyder, 304 So.2d 433 (Fla. 1974)."
Likewise, I must conclude that the Santa Rosa Island Authority is without authority to grant an exemption from taxes where the exemption has no constitutional basis. While the authority may characterize this payment as an offset of lease fees, the reduction in those fees has the effect of a tax exemption and as such is unconstitutional since such an exemption is not within the provisions of the Florida Constitution. As the Archer Court observed, it is fundamentally unfair for the Santa Rosa Island Authority to manipulate assessment standards and criteria to favor certain taxpayers over others.
This office has previously concluded that exemptions from ad valorem taxation must be strictly construed as found in the Florida Constitution.[10] It has been judicially determined that the Constitution, having specified those tax exemptions which are allowed, excludes all others.[11] Furthermore, a special district may not enter into agreements promising to reimburse ad valorem taxes or granting tax exemptions in the absence of specific legislative authority to do so.[12]
In sum, it is my opinion that the Santa Rosa Island Authority has no authority to offset lease fees payable to the authority from commercial leaseholders equal to ad valorem taxes collected against commercial leaseholders as such action would amount to an exemption from taxes where the exemption has no constitutional basis.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See s. 189.403(2), Fla. Stat., defining the term "[d]ependent special district."
[2] Sections 2(1) and 3, Ch. 24500, Laws of Fla. 1947.
[3] And see s. 1, Ch. 70-680, Laws of Fla., which amended s. 3(a) of Ch. 24500, Laws of Fla. 1947, and required the authority to prepare and develop a comprehensive land use plan.
[4] See Furnams v. Santa Rosa Island Authority, 377 So. 2d 983 (Fla. 1st DCA 1979), affirmed 399 So. 2d 1142 (Fla. 1981).
[5] See Art. VIII, s. 1(f), Fla. Const., providing non-charter counties with "such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law[;]"and s. 125.01(1), Fla. Stat.
[6] See, e.g., Forbes Pioneer Boat Line v. Board of Commissioners ofEverglades Drainage District, 82 So. 346 (Fla. 1919); Op. Att'y Gen. Fla. 89-34 (1989).
[7] See Ch. 24500, Laws of Fla. 1947, as amended by Ch. 26422, Laws of Fla. 1949, Chs. 63-1322, 79-457, 83-407, and 84-426, Laws of Fla.
[8] 355 So. 2d 781 (Fla. 1978).
[9] Id. at 783.
[10] See Ops. Att'y Gen. Fla. 74-243 (1974) (exemptions from taxation limited to property which is held or used for a purpose recognized by the Constitution and laws as being exempt) and 76-129 (1976) (legislative power to alter tax provisions is limited to that expressed in the Constitution).
[11] Lanier v. Tyson, 147 So. 2d 365 (Fla. 2d DCA 1962).
[12] Cf., Lykes Brothers, Inc., v. City of Plant City, 354 So. 2d 878
(Fla. 1978) (absent statutory authority, municipality lacks power to contract away its taxing authority over property used for private purposes); City of Naples v. Conboy, 182 So. 2d 412 (Fla. 1965) (absent statutory authority, municipality may not covenant against imposing ad valorem taxes).