QUESTIONS:
1. Given that the commission was created with the Department of Business Regulation (s. 4(1) Ch. 77-49, Laws of Florida [83.776(1)]), what is the relationship between the commission and the Board of Business Regulation, which is the head of the department (s. 20.16(1), F. S.)? This question seems to turn upon a construction of s. 20.03(10), F. S., the definition of `commission.' Do the board's rules control the commission as they do the department's five divisions? Under s. 20.16, F. S., the divisions have rulemaking powers. Does the board Rule 7-2.11 (as recently amended) on rulemaking control the commission as it does the divisions? What is the effect of Rule 7-2.05 regarding the executive director? Section 11 of Ch. 77-49 (s. 83.790) on appeals from commission decisions refers only to ratesetting decisions under s. 9 (s. 83.786). Does this mean that the board retains jurisdiction by its own rules over all other activities of the commission? For example, legislative budget requests? hiring staff? awarding consulting contracts? purchasing equipment? renting office space?
2. Can the commission's staff be administratively responsible to the director of a division within the department? Is the staff director legally equal to a division director and is the commission to be treated for budgetary and personnel classification purposes as a separate entity?
3. Prior to appointment of commission members, can the Department of Business Regulation accept registrations or fees submitted by mobile home parks (s. 6 [s. 83.780])?
4. Prior to appointment of commission members, can the Department of Business Regulation accept petitions filed by tenants (s. 8 or s. 15 [s. 83.784])?
SUMMARY:
Generally, the rules of the Board of Business Regulation control administrative activities of the Mobile Home Tenant-Landlord Commission. The commission is not within one of the divisions of the Department of Business Regulation but is a separate entity within that department. Until a form is approved by the commission, the department cannot officially accept registrations by mobile home parks regulated by the act. The department, however, may accept petitions filed by tenants pursuant to s. 8(1) of the act (s. 83.784[1]).
AS TO QUESTION 1:
Chapter 77-49, Laws of Florida, created the State Mobile Home Tenant-Landlord Commission (hereinafter `commission') with authority to determine if a rental or service charge increase, or a decrease in services, is so great as to be unconscionable or not justified under the facts and circumstances of the particular situation.
To achieve maximum efficiency and effectiveness, the Legislature implemented s. 6, Art. IV, State Const., by enacting the Governmental Reorganization Act of 1969, Ch. 20, F. S. The Legislature has specifically provided that structural reorganization `should be a continuing process through careful executive and legislative appraisal of the placement of proposed new programs. . . .' Section 20.02(3), F. S. Therefore, it can be presumed that the Legislature created the commission with this policy in mind. Williams v. Jones, 326 So.2d 425 (Fla. 1974). In fact, the Legislature specifically provided for the commission to be `within the Department of Business Regulation.' A `commission' is defined in s. 20.03(10), F. S., as
 . . . a body established within a department and exercising limited quasi-legislative or quasi-judicial powers or both ndependently of the head of the department. (Emphasis supplied.)
It is clear that a commission within the Department of Business Regulation (hereinafter `department') cannot be equated with a division within the department. A commission possesses greater authority, yet it must answer administratively to the department.See s. 20.02(2), F. S. The authority which the commission possesses is in the exercise of its quasi-legislative or quasi-judicial powers. As it must function administratively as a part of the department, the rules of the Board of Business Regulation, Ch. 7-2, F.A.C., must necessarily apply to the commission, although Rule 7-2.05, F.A.C., would not because it by its terms is limited to `Rules of the Divisions.' Similarly, other references to divisions are not applicable to the commission, as it is not a division of the department, although it may be on the same administrative plane. Amendments to the board's rules, within its authority, may cure this defect. Generally, the commission's rulemaking power is exercised pursuant to s. 7(7) of the act (s. 83.782[7]).
The commission is autonomous only in the exercise of its quasi-legislative and quasi-judicial powers. Hence, the department would control the activities mentioned in your above question.
Therefore, question 1 is answered generally in the affirmative.
AS TO QUESTION 2:
As discussed previously, the commission is within the department and is autonomous only in the exercise of its quasi-legislative and quasi-judicial powers. However, because of such autonomy, the commission cannot be responsible to a division within the department. It would appear to operate independent of a division, but on the same administrative level. However, the commission being part-time and unsalaried, it is necessary that there be employed a person to handle the day-to-day administrative chores of the commission. This employee, although not on the level of a division director, would appear to be answerable to the executive director of the department. As the commission is not within a specific division of the department, for budgetary and personnel classification purposes it would appear more appropriate to treat it as a separate entity within the department.
AS TO QUESTION 3:
Section 6, ch. 77-49 (s. 83.780), provides for registration of mobile home parks regulated by the act. The registration is made with the commission on a form approved by the commission. The original registration pursuant to the act shall be filed by November 1, 1977. Accompanying each registration is the fee prescribed by s. 6(2). The fact that the commissioners have not been appointed, that regulated parks shall register by November 1, 1977, and that such regulation shall be on a form approved by the commission has created an impossible situation. The department is without authority to approve the form. These requirements cannot be complied with. Therefore, technically, the department cannot accept registrations. It would appear that the most appropriate manner in which to handle any registrations which may be submitted to the department pursuant to this act would be to retain them informally pending appointment of the commissioners. When the commissioners are appointed, emergency rules pursuant to s.120.53(8), F. S., may be appropriate to implement s. 6(1) of the act (s. 83.780[1]).
AS TO QUESTION 4:
Section 8(1) of the act (s. 83.784[1]) provides for invoking the commission's jurisdiction by filing a petition with the commission. As discussed previously, the staff of the commission is under the authority of the executive director for administrative purposes. There is no statutory requirement that the commissioners do any act prior to receiving petitions; therefore, there is no impediment to the department accepting petitions filed by tenants pursuant to s. 8(1) of the act.
Therefore, question 4 is answered in the affirmative.
Prepared by: Martin S. Friedman Assistant Attorney General