PER CURIAM.
The appellant is Dade County, Florida. It appeals a summary final judgment declaring that the leasehold interest of the Marine Exhibition Corporation is not subject to taxation. The Marine Exhibition Corporation is the operator of the Miami Seaquarium. The corporation obtained the property in 1954 upon a lease from Dade County after Dade County had secured the land from the State. The deed provided that the County was to use the land for a public purpose. Pursuant to this provision, the County leased the land for a marine exhibit. The County agreed that the leasehold interest would not be taxed unless the laws of the State required it to be, and no taxes were levied until 1969. The tax here concerned is for the year 1972. In 1969, the Seaquarium property was exempted by the Board of Equalization and has been exempted as to the 1970 and 1971 taxes by order of the circuit court.
The appellant maintains that a genuine issue of material fact exists as to whether or not the property was on January 1, 1972 used for a public purpose. The only factual matter relied upon to create this issue is the affidavit of the then acting tax assessor of Dade County, as follows:

“5. The predominant use made by the Marine Exhibition Corporation of the subject leasehold in 1972 was for a private, profit-making venture. More specifically, the vast majority of those members of the public who visited the Miami Seaquarium paid a substantial admission fee, the predominant portion of which inured to the private benefit of the Marine Exhibition Corporation. In this sense, the operation of the subject leasehold comprising the Miami Seaquarium is no different than other privately owned tourist attractions located in Dade County, Florida, which were not tax exempt for 1972 as: the Miami Serpentar-ium, the Monkey Jungle, the Orchid Jungle, the Parrot Jungle.”
‡ ifc ?}: >{: >}c
The affidavit is insufficient to raise an issue. The fundamental questions presented by this case have been answered by the Supreme Court of Florida in Dade County v. Pan American World Airways, Fla. 1973, 275 So.2d 505.
Affirmed.