320 So.2d 385 (1975)
R.R. WALDEN, As Tax Assessor of Hillsborough County, Florida, and J. Ed. Straughn, As Executive Director of the Department of Revenue, State of Florida, Petitioners-Appellants,
v.
The HERTZ CORPORATION, a Delaware Corporation, et al., Respondents-Appellees.
Nos. 46283, 46328.
Supreme Court of Florida.
July 30, 1975.
Rehearing Denied November 4, 1975.
Brooks P. Hoyt, of MacFarlane, Ferguson, Allison & Kelly, Tampa, and Robert L. Shevin, Atty. Gen., and Winifred L. Wentworth, Asst. Atty. Gen., for petitioners-appellants.
Stewart C. Eggert, of Allen, Dell, Frank & Trinkle, and Paul B. Johnson of Gregory, Courts, Paniello, Johnson & Hayes, Tampa, for respondents-appellees.
Stuart Simon, Dade County Atty., and R.A. Cuevas, Jr., Asst. Dade County Atty., for Dade County Taxing Authorities, amicus curiae.
James M. Reed of Holland & Knight, Tampa, for Host International, Inc., amicus curiae.
PER CURIAM.
This cause is before this Court on Direct Appeal from a decision of the District Court of Appeal, Second District, in Hertz Corporation v. Walden, reported at 299 So.2d 121 (Fla.App. 1974).
The historical background, factual situation, and questions of law, and the decision sub judice appear in the opinion of the District Court of Appeal in this cause, and in the interest of brevity, will not be repeated here. We have heard oral argument, examined the record, and considered the briefs and are of the opinion that the Second District Court of Appeal correctly decided the case, and their opinion is therefore adopted as the decision of this Court.
Accordingly, the decision of the District Court is hereby,
Affirmed.
ADKINS, C.J., ROBERTS, J., and MORPHONIOS and TENCH, Circuit Judges, concur.
OVERTON, J., concurs specially with an opinion.
ENGLAND, J., dissents with an opinion, with which ALDERMAN, Circuit Judge, concurs.
OVERTON, Justice (specially concurring).
I concur in the majority opinion. There is no dispute concerning the facts of the Hertz operation or use of its leased premises in the Tampa Airport. The only dispute is what those facts mean.
The tax assessor of Hillsborough County contends that the leasehold used by Hertz in the main terminal or landside building is taxable but that the leasehold use of the air lines is not taxable. Nothing is said of other incidental services at the airport, such as restaurants, newsstands, and the like. I cannot draw that distinction. A publicly funded airport facility should be treated as an entity, and the leaseholds for services incidental to its operation are either *386 all exempt or they are all taxable. I can more readily adopt the position of the amicus curiae, Dade County, that they are all taxable than I can the position of the appellant-tax assessor of Hillsborough County.
ENGLAND, Justice (dissenting).
I dissent. The adopted decision of the majority has held that Article VII, Section 10 of the Florida Constitution does not require the taxation of leasehold interests conferred by governmental agencies,[1] and that the taxability or exemption of such interests is determined by sequential reference to sections 196.001(2), 196.199(2)(a) and 196.012(5), Florida Statutes. My disagreement with the Court's adopted decision is not based on these points of law, but rather on the scope of appellate review. The Court has found that the use of the so-called Outside Facility constitutes a public, as opposed to a nonpublic, purpose, and I do not believe this Court was free to make that determination.
In 1971 the legislature unequivocally expressed its intention to tax all leasehold interests in governmental property, other than those expressly exempted by statute.[2] The exemption governing this case is narrowly limited to private lessees which serve or perform a "governmental, municipal or public purpose or function."[3] The determination of the purpose or function served by lessees in individual situations is necessarily left to the form of judicial resolution consistently characterized as fact-finding.[4] This legislative relegation to the fact-finding processes of the judicial branch is apparent from the very language of the law, which contemplates that exemptions will result only where the lessee "is demonstrated to perform" the requisite function or service.[5] (emphasis added)
The trial court's findings of facts in this case should be accorded the same standard of appellate review as other fact questions brought to us for review.[6] If the appropriate standard is applied, the decision of the Second District Court of Appeal must *387 be reversed. That court, and now this Court by adopting that court's opinion, merely disagrees with the trial court as to the result which should flow from the factual evidence.[7] That is not an appellate court's function.[8]
ALDERMAN, Circuit Judge, concurs.
NOTES
[1] It is arguable that this provision of the Constitution is mandatory and self-executing. "Also see Section 10, Article VII, 1968 Florida Constitution, which requires taxation of leaseholds... ." Straughn v. Camp, 293 So.2d 689, 695 (Fla. 1974). Portions of the minutes of the Florida Constitutional Revision Commission tend to indicate that the framers of Article VII, Section 10 expressly equated private leaseholds on governmental properties with "other privately owned property" (emphasis added) in order to prevent inferential exemptions based on exemptions for governmentally-owned property. The disposition of this case which I would approve does not require a ruling on this question or on the other points of law raised on appeal.
[2] Section 196.001(2), Fla. Stat., enacted as section 16 of chapter 71-133, Laws of Florida.
[3] Sections 196.199(2) (a) and 196.012(5), Fla. Stat.
[4] In Hillsborough County Aviation Auth. v. Walden, 210 So.2d 193, 196 (Fla. 1968), the Court on review commented on the chancellor's determination that seven business activities were predominantly private by saying:

"We find no reason for disturbing the Circuit Court's factual determination of the purpose in which each lease falls." (emphasis added).
See also Gamma Phi Chapter of Sigma Chi Bldg. Fund Corp. v. Dade County, 199 So.2d 717, 718 (Fla. 1967) ("the question of whether or not property in a given case is exempt becomes one of fact.")
[5] Section 196.012(5), Fla. Stat. The trial court listed as one of twelve "findings of fact", in a part of its order distinct from its four "conclusions of law", that Hertz' use of the Outside and the Remote Facilities "does not serve or perform a governmental, municipal or public purpose or function, as defined in Florida Statutes Chapter 196.012(5)."
[6] "No authority needs to be cited for the proposition that this court is not entitled to substitute its judgment for that of the trial court on questions of fact... ." Goldfarb v. Robertson, 82 So.2d 504, 506 (Fla. 1955).
[7] There was, in the district court's words, "substantial evidence" to support the trial court's finding of fact as to Hertz' predominantly private use of the Remote Facility. 299 So.2d at 125. Without concluding that the record was devoid of evidence for the trial court's finding as to the Outside Facility, the district court merely felt that the evidence "leads us to the opposite conclusion." Id.
[8] Aside from my disagreement as to taxable status of this leasehold, I cannot reconcile the majority's decision with the Constitution and the statutes in another respect. The total exemption conferred by the Court's majority entirely neglects Article VII, Section 3(a), Fla. Const. and Section 196.192(2), Fla. Stat. Together those provisions preclude a total exemption of the Outside Facility and require some taxation of Hertz' leasehold interest, computed on the respective proportion of the property not in "predominantly public" use.