323 So.2d 58 (1975)
CITY OF TAMPA, a Municipal Corporation, Appellant,
v.
R.R. WALDEN, Tax Assessor, and K.C. Bullard, Tax Collector, Appellees.
No. 75-54.
District Court of Appeal of Florida, Second District.
December 5, 1975.
*59 Henry E. Williams, Jr., City Atty., and Peter J.T. Taylor, Asst. City Atty., Tampa, for appellant.
Brooks P. Hoyt, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee Walden.
SCHEB, Judge.
The issue on this appeal is whether certain municipally owned lands in Tampa's Lowry Park and the adjacent miniature golf course, leased to private enterprise but operated for public recreational purposes, are exempt from ad valorem taxation. The trial court held such lands taxable on the grounds they are used for nonpublic purposes. We reverse.
Tampa's Lowry Park is a public recreation complex of approximately 105 acres. It includes a public zoo, band shell, baseball diamond, and other related park uses. Various amusement areas (Fairy Land Railroad, Fairy Land Gift Shop, amusement rides, birthday house, fish dispensing machines, and deer park) are leased to Howdel, Inc., and are interspersed throughout the park complex. Adjacent to the park is a miniature golf course also owned by the City, and leased to Henry Torres, Jr. In the aggregate, these leased areas comprise approximately five to seven acres. The arrangements between the City and the private interests are in the nature of concessions, with the City receiving revenue based upon a formula taking into consideration the gross revenue received by each concessionaire. The City retains control over prices charged by the concessionaires and exercises general supervision over the entire park complex. While the public has access to the entire park without charge, fees are charged by the concessionaires for use of the various leased facilities.
Undisputed testimony on behalf of the City indicated the City could operate the amusement facilities and miniature golf course utilizing municipal employees, but that such operation would entail a considerable capital investment as well as higher personnel costs. Moreover, the testimony revealed the leased uses to be complementary to the park and that without these entertainment features, park attendance would probably decline by fifty percent.
The only testimony on behalf of the appellee was that of the appellee tax assessor. He testified his criterion for determining whether or not to exempt the City lands is whether a particular use is for profit and in competition with private enterprise, commenting, "... there isn't any law that gives the city the right to go into competition with private enterprise." Having determined the amusement facilities and golf course were operated by provate interests for a profit, he assessed taxes against them.
*60 The starting point for review of municipal eligibility for exemptions from ad valorem taxes is Article VII, Section 3(a), Florida Constitution of 1968, which in pertinent part provides:
"All property owned by a municipality and used exclusively by it for municipal or public purposes shall be exempt from taxation ..."
Municipal property can qualify for an exemption as being used exclusively for public purposes even when leased to private enterprise. Dade County v. Pan American World Airways, Inc., Fla. 1972, 275 So.2d 505. There the Supreme Court held:
"... property can be used exclusively for public purposes if the private purpose has merged into the term `public purposes' and if the property is used solely for such `public purposes.'"
The criteria for exemption of municipal property leased by the City to a nongovernmental entity is set out in Fla. Stat. § 196.199(2)(a), which provides:
"(2) Property owned by the following governmental units but used by nongovernmental lessees shall only be exempt from taxation under the following conditions:
(a) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal or public purpose or function, as defined in § 196.012(5). In all such cases, all other interests in the leased property shall also be exempt from ad valorem taxation." (Emphasis supplied)
and Fla. Stat. § 196.012(5) which in pertinent part provides:
"(5) Governmental, municipal, or public purpose or function shall be deemed to be served or performed when the lessee under any leasehold interests created in property of the United States, the state or any of its political subdivisions, or any municipality, agency, authority, or other public body corporate of the state, is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit, or which is demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds... ." (Emphasis supplied)
In effect then this case simply devolves into a determination of whether the use of the lands under lease constitutes a public or municipal purpose or function within the statutory meaning.
No one questions that operation of a public park for recreational purposes is a proper municipal or public purpose. That portions of public parks may be leased to private enterprise for uses which are accessory or incidental to the overall recreational aspects of the park is also well established. See, e.g., Sunny Isles Fishing Pier v. Dade County, Fla. 1955, 79 So.2d 667, where the Supreme Court of Florida upheld a lease as being an incidental use to a public park, stating in its opinion:
"The amount of oceanfront used is only a small fraction of the total oceanfront and the construction of the pier over that small portion of the beach for all practical purposes probably adds to rather than detracts from its availability to the public. It is certainly a use incidental to the main operation of this large public park. It is not only incidental to such operation but the type of operation so conducted under the lease is one clearly within the power of the County to carry on under the foregoing acts to accomplish the main purpose."
Again in Panama City v. State, Fla. 1957, 93 So.2d 608, the Supreme Court held that establishment of various concessions to be *61 rented to private operators for sporting goods wear, tackle shops, drug stores, travel agencies, etc. could not destroy the public nature of a marina project for which the city had issued certain improvement revenue bonds.
The determining factor then is whether or not the leasehold interests are uses which are accessory to the operation of the public park. Here the very nature of the uses persuades us of their accessory character to the successful operation of Lowry Park, almost as utilities and refreshments would be. Not even the appellee tax assessor disputes this. The City of Tampa was entitled to and did determine that these uses are reasonably necessary to operation of its public recreational park for benefit of its residents and visitors. It should not be penalized for its determination that these entertainment functions can be more efficiently performed by private enterprise than by being municipally operated. Whether a profit is made from the operation is not the statutory criterion, but rather whether or not the leased or concession type uses are reasonably incidental to the predominant public and municipal purposes of the park and serve purposes which could otherwise be properly accomplished through use of municipal funds.
The appellee argues the lands it seeks to tax are not governmental within the purview of Fla. Stat. §§ 196.199 and 196.012(5). While acknowledging that the Supreme Court adopted a liberal approach to what constitutes public purposes in Dade County v. Pan American World Airways, Inc., supra, the appellees, nevertheless, contend such approach has been tempered by a later decision of the Supreme Court in Straughn v. Camp, Fla. 1974, 293 So.2d 689. Straughn, however, is not persuasive to appellees' position in this case because there the court merely held that certain leaseholds admittedly occupied as private dwellings on Santa Rosa Island did not serve a "public purpose."
Although exemptions under the tax laws must be strictly construed against a party seeking an exemption, the term "public or municipal purpose" cannot be given an unduly restricted meaning if local government is to function effectively. While we are reluctant to disturb the findings of the trial court, we recently found it necessary to do so in Hertz Corp. v. Walden, Fla.App.2d 1974, 299 So.2d 121, aff'd, Fla. 1975, 320 So.2d 385, where we reversed the trial court and held that certain facilities used by a rental car agency, although privately operated, were actually of such a predominantly public nature as to be exempt from ad valorem taxes under Fla. Stat. § 196.199(2)(a).
We hold that where, as here, the fact that portions of municipally owned park lands are leased to private entities and operated on a profit basis does not impair the City's right to an ad valorem tax exemption as long as such leaseholds are accessory to the overall public purpose of the park complex and serve a function which could otherwise be accomplished by municipal funds.
Accordingly, we reverse for further proceedings consistent with this opinion.
McNULTY, C.J., and HOBSON, J., concur.