ON REHEARING
ENGLAND, Justice.
This cause is before us on a petition for rehearing, the Court having denied a petition for a writ of certiorari on December 4, 1974. The basis of the original petition was a direct conflict between the decision of the Third District Court of Appeal below, reported at 296 So.2d 652, and two prior decisions of this Court.[1] The peti *460 tion for rehearing alleges conflict with a third decision which was published shortly after the petition was filed.[2] Our independent review of the controversy reveals that direct conflict now exists with Williams v. Jones, 326 So.2d 425 (Fla.1975). We have jurisdiction under Article V, § 3(b)(3) of the Florida Constitution.
The simple issue decided below was whether a factual question is presented, so as to overcome summary final judgment on the pleadings, as to whether on January 1, 1972 respondent used land which it leased from Dade County for a “public purpose” so as to be liable for tax on the leasehold interest. Petitioner contends that a fact question exists on the basis of an affidavit of the Dade County tax assessor stating that respondent’s use served a non-public, profit-making purpose.
Respondent’s eligibility for tax exemption on the basis of a “public” use of property leased from a political subdivision of the state is an issue of fact, not law.[3] The tax assessor’s affidavit, filed in response to respondent’s motion for summary judgment, was sufficient to raise an issue of fact and preclude disposition on the pleadings.
The decision of the district court is quashed and the cause is remanded for further proceedings consistent with this decision.
OVERTON, C. J., and SUNDBERG and HATCHETT, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.

. Shevin v. Kahn, 273 So.2d 72 (Fla.1973) ; Juarrero v. McNayr, 157 So.2d 79 (Fla. 1963).

. Straughn v. Camp, 203 So.2d 689 (Fla. 1974).

. Williams v. Jones, 326 So.2d 426 (Fla.1975) ; Straughn v. Camp, 293 So.2d 689 (Fla.1974) ; Hillsborough County Aviation Auth. v. Walden, 210 So.2d 193, 196 (Fla.1968) ; Gamma Phi Chapter of Sigma Chi Bldg. Fund Corp. v. Hade County, 199 So.2d 717, 718 (Fla. 1967) (dictum). See also Walden v. Hertz Corp., 320 So.2d 385, 386 (Fla.1975) (dissent) .