366 So.2d 34 (1978)
ST. JOHN'S ASSOCIATES, a Partnership, Appellant,
v.
Robert A. MALLARD, Property Appraiser of Duval County, Florida, et al., Appellee.
No. HH-235.
District Court of Appeal of Florida, First District.
October 3, 1978.
*35 Gerald W. Weedon and Francis P. Conroy of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., David K. Miller, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
St. John's appeals a final judgment in a declaratory judgment action holding that the assessment of taxes upon its leasehold interest is valid.
On May 19, 1972, St. John's a private partnership for profit, leased 12 1/2 acres of land on Blount Island in the City of Jacksonville, Florida, from the Jacksonville Port Authority (JPA), a public body. St. John's expended approximately $180,000 in improving the leasehold property by leveling, draining, paving and erecting facilities upon it. Later, St. John's subleased the property for a specified periodic rent. The present sub-lessee is R.G. Hobelman and Company, Inc. which uses the property to service and store imported Volkswagon automobiles pending their shipment by the importer for sale to its customers. St. John's pays JPA a monthly rental of $1,896 for the lease of the property. In turn it receives a monthly rental of $6,136 from Hobelman.
St. John's contends that its leased property is entitled to tax exempt status because it performs the same function which its lessor is authorized by law to do. The answer to the question whether the exemption applies hinges upon the pertinent taxing statutes and decisions interpreting those statutes. Section 196.001, Florida Statutes (1971), provides:
Property subject to taxation.  Unless expressly exempted from taxation, the following property shall be subject to taxation in the manner provided by law:
(1) All real and personal property in this state and all personal property belonging to persons residing in this state; and
(2) All leasehold interests in property of the United States, of the state, or any *36 political subdivision, municipality, agency, authority, or other public body corporate of the state.
The specific exemption provided by law which St. John's relies upon is stated in Section 196.199(2)(a) as follows:
(2) Property owned by the following governmental units, but used by nongovernmental lessees, shall only be exempt from taxation under the following conditions:
(a) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(5) ... (emphasis supplied)
A governmental, municipal or public purpose or function is defined in Section 196.012(5) as follows:
(5) Governmental, municipal, or public purpose or function shall be deemed to be served or performed when the lessee under any leasehold interest created in property of the United States, the state or any of its political subdivisions, or any municipality, agency, authority, or other public body corporate of the state, is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit, or which is demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds... . (emphasis supplied)
St. John's argues it serves a governmental, municipal, or public purpose by performing a function which could properly be performed pursuant to statute by its lessor, a governmental unit; therefore its leasehold should be exempt from ad valorem taxation. It relies upon Ch. 63-1447, Laws of Florida, a special act creating the Jacksonville Port Authority, as showing a legislative intent that the function performed by St. John's is for a public purpose. Among other things JPA is empowered by Section 3 of Ch. 63-1447 to make and execute leases for the use and occupation of the property and projects under its control on such terms and conditions as the authority may determine. St. John's continues that since "project", as defined by Section 2 of the act, includes shipping facilities of all kinds, warehouses, motor terminals, etc., that St. John's was delegated by JPA the same statutory authority to lease project facilities which JPA had been conferred. Moreover, St. John's continues, there is nothing in its lease with JPA inconsistent with the statutory powers granted to JPA since it was restricted by the terms of the lease from using the premises for any purpose other than export-import automobile activities relating to the development of water borne commerce in the port of Jacksonville. Therefore, since a governmental, municipal or public purpose is performed when the lessee carries out a function which could properly be performed by the appropriate governmental unit, Section 196.012(5), its use of the land complies with the statutory definition and its leasehold interest is exempt.
St. John's relies upon Hillsborough County Aviation v. Walden, 210 So.2d 193 (Fla. 1968); Dade County v. Pan American World Airways, Inc., 275 So.2d 505 (Fla. 1973); Hertz v. Walden, 299 So.2d 121 (Fla. 2d DCA 1974), affirmed 320 So.2d 385 (Fla.) and Opa-Locka v. Metropolitan Dade County, 247 So.2d 755 (Fla.3d DCA 1971) for its position that if the use of the premises leased is predominantly public in nature as an indispensable facility supporting the operation of the public facility, the exemption will be allowed even if the use was for private purposes incidental to the predominant public use. Those cases set forth a public purpose test permitting a private party to qualify for an exemption if its use of the property was essential to some public purpose, and if the same functions could be performed by using public funds. For example, in Dade County v. Pan American World Airways, supra, the Florida Supreme Court held that Pan Am's overhaul base, *37 reservations and accounting office, flight simulation building at Miami International Airport were tax exempt because the projects were primarily and predominantly for the public benefit, even though there may have been some incidental private purpose. And, once a project meets the test of public purpose, an incidental private purpose loses its identity and is merged within the term public purpose.
It should be noted that the court in Pan American Airways was asked to construe statutes different from those now before us.[1] There the court interpreted the effect of Section 196.25(2)(c), Florida Statutes (1969), which permitted the exemption from taxation of leasehold interests to corporations for profit in property owned by the state or other governmental unit "for a consideration in the performance by the public body of a public function or public purpose authorized by law... ." Section 196.25 was repealed by § 15 to Ch. 71-133, and the legislature, in § 16 to the same act, amended Chapter 192 by enacting § 192.010, later renumbered as Section 196.001.
We conclude that a more recent line of cases militates against St. John's argument that an exemption exists. E.g., Straughn v. Camp, 293 So.2d 689 (Fla. 1974); Williams v. Jones, 326 So.2d 425 (Fla. 1975); Volusia County v. Daytona Beach Racing, etc., 341 So.2d 498 (Fla. 1976). Therefore the test formerly applied in those cases relied upon by St. John's i.e., predominant public use, no longer has continuing efficacy and we must look instead to the use actually made of the property leased to determine its tax exempt status.
Legislative declarations such as those in Ch. 63-1447 do not necessarily make the function a commercial lessee performs governmental. It is rather the actual use made of the leased property which determines whether it is taxable under the constitution. Cf. Straughn v. Camp, supra. Governmental functions or duties relate to the administration of government or some element of sovereignty, Daly v. Stokell, 63 So.2d 644 (Fla. 1953), while proprietary functions are those undertaken for public benefit and involve no exercise of sovereignty. City of Miami v. Oates, 152 Fla. 21, 10 So.2d 721 (1942). If the function is in fact proprietary  it matters not what statutory authorization is given the governmental unit  the leased property does not obtain its tax exempt benefit. Williams v. Jones, supra. In Williams v. Jones, supra, commercial and residential lessees of publicly owned property on Santa Rosa Island from the Santa Rosa Island Authority filed suits against the county appraiser, challenging assessment of their leaseholds for ad valorem property tax purposes, contending that their property was exempt from taxation. The governmental unit had been authorized by special act, Section 2, Ch. 24,500, Laws of Florida, Special Acts 1947, to develop Santa Rosa Island. The act permitted the Escambia County Commissioners, either by themselves or by lease with others, to construct and operate golf courses, hotels, restaurants, theaters, tourist camps, etc. The commercial lessees contended, as does the taxpayer here, that the operation of their facilities constituted a governmental, public purpose or function and that the leaseholds were exempt from ad valorem taxation pursuant to Section 196.012(5). The Supreme Court rejected the taxpayers' arguments, stating:
The operation of the commercial establishments represented by appellants' cases is purely proprietary and for profit. They are not governmental functions. If such a commercial establishment operated for profit on Panama City Beach, Miami Beach, Daytona Beach, or St. Petersburg Beach is not exempt from tax, then why should such an establishment operated for profit on Santa Rosa Island Beach be exempt? No rational basis exists for *38 such a distinction. The exemptions contemplated under Sections 196.012(5) and 196.199(2)(a), Florida Statutes, relate to "governmental-governmental" functions as opposed to "Governmental-proprietary" functions. With the exemption being so interpreted all property used by private persons and commercial enterprises is subjected to taxation either directly or indirectly through taxation on the leasehold. Thus all privately used property bears a tax burden in some manner and this is what the Constitution mandates. Id. at 433. (Emphasis in original.)
Here, as in Volusia County v. Daytona Beach, Racing, etc., supra, and Williams v. Jones, supra, the lessee does not serve a governmental purpose. St. John's derives a net annual income of $51,000 from its lease with Hobelman. The use of the property by Hobelman is to service and store imported Volkswagon automobiles pending the automobiles' shipment by the importer (Volkswagon of America) for sale to its customers. St. John's, a private partnership for profit, and its lessee, Hobelman, a private corporation for profit, compete with other private enterprises in Jacksonville. St. John's and Hobelman's operations were no less proprietary and for profit than were those of Daytona Beach Racing and Recreation Facilities District or the commercial lessees on Santa Rosa Island.
AFFIRMED.
MILLS, Acting C.J., and BOOTH, J., concur.
NOTES
[1] A fact which the court specifically observed in Volusia County v. Daytona Beach Racing, etc., 341 So.2d 498, 502, n. 5 (Fla. 1976): "Section 196.001, Florida Statutes (1975), supersedes the statutory provisions considered in Dade County v. Pan American World Airways, Inc., ... ."