375 So.2d 283 (1979)
R.R. (Bob) WALDEN, etc., et al., Petitioners,
v.
HILLSBOROUGH COUNTY AVIATION AUTHORITY et al., Respondents.
No. 52667.
Supreme Court of Florida.
July 18, 1979.
Rehearing Denied October 16, 1979.
David M. Mechanik and Jeanette M. Haag, Asst. County Attys., Tampa, for Tax Collector & Hillsborough Co.
Ted R. Manry, III, MacFarlane, Ferguson, Allison & Kelly, Tampa, for Tax Collector.
Jim Smith, Atty. Gen., Harold F.X. Purnell, Asst. Atty. Gen., Tallahassee, for Harry Coe, Jr., Dept. of Revenue.
Julian Clarkson, James M. Reed, Holland & Knight, Tampa, for Host Intern., Inc.
Morris E. White, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Dobbs Houses, Inc.
Stewart C. Eggert, Allen, Dell, Frank & Trinkle, Tampa, for Hillsborough County Aviation Auth.
Malcolm P. Mickler, III, Gibbons, Tucker, McEwen, Smith, Cofer & Taub, Tampa, for Bonnani Exports, Inc.
ALDERMAN, Justice.
We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, to review by petition for writ of certiorari the decision of the District Court of Appeal, Second District, in Walden v. Hillsborough County Aviation Authority, 351 So.2d 419 (Fla.2d DCA 1977). In this case, the district court affirmed the holding of the trial court that various lessees, all of whom had leased space in the Tampa International Airport from the Hillsborough County Aviation Authority for the purpose of conducting commercial enterprises within the airport terminal, were exempt from ad valorem taxation of their leasehold interest. We quash the district court's decision and hold that under the rationale of our decision in Williams v. Jones, 326 So.2d 425 (Fla. 1975), the leaseholds are taxable.
Respondent, Hillsborough County Aviation Authority, a public body, operates and *284 manages the Tampa International Airport, which is located on land owned by the Authority. The several buildings forming the terminal at the airport were constructed with funds obtained through the sale of revenue bonds. The terminal consists of a landside building, where passengers park their automobiles and handle their ticketing and baggage, and four airside buildings, where passengers actually embark and disembark the airplanes. Shuttle cars transport passengers between the landside building and the airside buildings.
Respondent, Host International, Inc., leased space from the Authority in the landside and the airside buildings to sell food and beverages to the public in a variety of ways including a buffet, a dining room, cocktail lounges, and fast food service facilities. Host also operated a cafeteria for airport employees and leased space for the sale of general merchandise and "special Florida products" such as fruits and gifts. Storage facilities were also leased by Host. Respondent, Dobbs House, Inc., leased space in the landside building from the Authority for the purpose of selling newspapers, tobacco products, magazines and books, as well as for the sale of certain types of other merchandise. Dobbs also leased storage space in the landside building. Respondent, Bonanni Exports, Inc., leased space in the landside building for the operation of a duty-free shop in which certain merchandise is sold duty free exclusively to passengers on international flights. In addition, Bonanni leased space in the landside building for use as a bonded warehouse. Host, Dobbs, and Bonanni, under the terms of their leases with the Authority, were required to pay all taxes upon their rights to use the property.
Petitioner, Hillsborough County Tax Assessor, placed respondents' airport leaseholds on the ad valorem tax rolls for the year 1972, and petitioner, Hillsborough County Tax Collector, issued tax bills based upon the assessment. Respondents exhausted their administrative remedies when their timely filed claims for exemption and subsequent petitions to the Board of Tax Adjustment contesting the taxation were denied. Lessees paid the 1972 ad valorem taxes under protest and thereafter filed a declaratory action against the Assessor, the Collector, and the Florida Department of Revenue, seeking to have the leaseholds declared exempt from ad valorem taxation and seeking a refund of the 1972 assessments. The gravamen of the complaint was that the leasehold interests of Host, Dobbs, and Bonanni were exempt from taxation under chapter 196, Florida Statutes (1971), because these lessees were performing public functions and purposes which could properly be performed by the Authority or which would otherwise be a valid subject for the allocation of public funds. The complaint was answered, and motions for summary judgment were filed. Amended complaints were filed by respondents putting in issue the 1973 and 1974 ad valorem tax assessments on the leaseholds which also had been paid under protest, and a refund was sought on the same ground.
The trial court first entered partial summary judgment in petitioners' favor, ruling that the leasehold interests of Host, Dobbs, and Bonanni were not exempt from taxation. Further proceedings, however, were held in abeyance pending a final decision in the case of Hertz Corporation v. Walden, 299 So.2d 121 (Fla.2d DCA 1974), aff'd, 320 So.2d 385 (Fla. 1975), which involved the question of whether Hertz's leasehold in the terminal building was exempt from taxation. It was ultimately determined in that case that Hertz's leasehold at the terminal building was exempt from taxation. After the decision in Hertz Corporation was rendered, the trial court set aside the partial summary judgment previously entered. Then, concluding that our subsequent decision in Williams v. Jones, 326 So.2d 425 (Fla. 1976), was not controlling, the trial court entered judgment in respondents' favor, holding:
That during the years 1972, 1973 and 1974 the Plaintiffs Host International, Inc., a Delaware corporation, Dobbs Houses, Inc., a Delaware corporation, and Bonanni Exports, Inc., a Florida corporation, and each of them, have been performing *285 a governmental and public purpose or function, as those terms are defined in Section 196.012(5) of the Florida Statutes, in the operation of their respective businesses conducted in and upon various spaces leased to them by the Plaintiff, Hillsborough County Aviation Authority in the Terminal Building at the Tampa International Airport in Hillsborough County, Florida, and that by reason thereof, and by virtue of the provisions of Section 196.199(2)(a) of said Florida Statutes, were exempt from taxation by Hillsborough County for each of said years 1972, 1973 and 1974.
.....
Petitioners appealed this judgment. Citing as authority its decisions in Hertz Corporation v. Walden and City of Tampa v. Walden, 323 So.2d 58 (Fla.2d DCA 1975), the district court affirmed.
Petitioners allege that our decision in Williams controls and overrules, directly or impliedly, all the pre-Williams cases relied upon by the trial court and the Second District Court of Appeal. They contend that under Williams the test to be used in determining if a public purpose exemption exists is whether the actual leasehold use constitutes a "governmental-governmental" or a "governmental-proprietary" function. It is the utilization of property leased from a governmental source, they argue, that determines if the leasehold is taxable. They maintain that these leaseholds are taxable because they are used for commercial, profit-making purposes and serve a "governmental-proprietary" function.
To the contrary, respondents allege that the trial court and the Second District correctly relied on Hillsborough County Aviation Authority v. Walden, 210 So.2d 193 (Fla. 1968); Hertz Corporation v. Walden; and Dade County v. Pan American World Airways, 275 So.2d 505 (Fla. 1973), as these cases, upholding public purpose exemptions for certain airport leaseholds, are factually indistinguishable from the present case. They argue that Williams and Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498 (Fla. 1976), are inapplicable because the facts of the present case, involving a modern airport run by a governmental authority exercising strict controls, are substantially different. They say that their leaseholds are "indispensable facilities" with a "predominant public use" and thus satisfy the "public use" test of Hillsborough County Aviation Authority v. Walden.
We conclude that our decision in Williams is controlling and that the leasehold interests of Host, Dobbs, and Bonanni are properly subject to ad valorem taxation. We reach this conclusion as a result of the following analysis. Section 196.001 provides:
Property subject to taxation.  Unless expressly exempted from taxation, the following property shall be subject to taxation in the manner provided by law:
(1) All real and personal property in this state and all personal property belonging to persons residing in this state; and
(2) All leasehold interests in property of the United States, of the state, or any political subdivision, municipality, agency, authority, or other public body corporate of the state.
This statute evidences the legislative intent that, unless expressly exempted, the holders of leases of publicly-owned land shall bear the same tax burden as private property owners who devote their land to the same uses. The only exemption granted is that allowed by section 196.199(2), which states:
(2) Property owned by the following governmental units, but used by nongovernmental lessees, shall only be exempt from taxation under the following conditions:
(a) Leasehold interests in property of the United States, of the state or any of its several political subdivisions, or of municipalities, agencies, authorities, and other public bodies corporate of the state shall be exempt from ad valorem taxation only when the lessee serves or performs a governmental, municipal, or public purpose or function, as defined in s. 196.012(5). In all such cases, all other interests *286 in the leased property shall also be exempt from ad valorem taxation.
(b) The exemption provided by this subsection shall not apply to those portions of a leasehold estate which are used predominantly for a private, commercial purpose and serve no governmental, municipal, or public purpose.
The "governmental, municipal, or public purpose," necessary to qualify for the exemption in section 196.199(2)(a), is defined in section 196.012(5), which provides:
(5) Governmental, municipal, or public purpose or function shall be deemed to be served or performed when the lessee under any leasehold interest created in property of the United States, the state or any of its political subdivisions, or any municipality, agency, authority, or other public body corporate of the state, is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit, or which is demonstrated to perform a function or serve a purpose which would otherwise be a valid subject for the allocation of public funds. The term "governmental purpose" shall include a direct use of property on federal lands in connection with the Federal Government's Space Exploration Program. Real property and tangible personal property owned by the Federal Government and used for defense and space exploration purposes or which is put to a use in support thereof shall be deemed to perform an essential national governmental purpose and shall be exempt.
In Williams, we were faced with the question of whether commercial leaseholders of county-owned Santa Rosa Island were entitled to the exemptions in sections 196.012(5) and 196.199(2). The commercial leaseholders, operating such diverse enterprises as barber shops, plumbing businesses, laundries, and restaurants, argued that the operation of their businesses constituted a governmental or public purpose or function, and thus their leaseholds were exempt from ad valorem taxation pursuant to section 196.012(5). We rejected this argument and held that the exemptions contemplated by sections 196.012(5) and 196.199(2) relate to "governmental-governmental" functions as opposed to "governmental-proprietary" functions and, quoting from our decision in Straughn v. Camp, 293 So.2d 689 (Fla. 1974), we held that the particular function is determined by "the utilization of leased property from a governmental source." 326 So.2d at 432. Because the leased property was being utilized for commercial, profit-making purposes, we held that the function was proprietary, not governmental, and that the exemptions were inapplicable.
We reaffirmed this "function by utilization" test in Volusia County v. Daytona Beach Racing and Recreational Facilities District, 341 So.2d 498 (Fla. 1976), wherein we held that the Daytona International Speedway, which was operated by a private corporation under a lease from a public body, was not entitled to exemption under sections 196.012(5) and 196.199(2) because the operation of an automobile racetrack was not the performance of a "governmental-governmental" function. In reaching this conclusion, we stated:
Other statutory provisions exempt privately held leaseholds of governmental property from taxation "only when the lessee," Section 196.199(2)(a), Florida Statutes (1975), "is demonstrated to perform a function or serve a governmental purpose which could properly be performed or served by an appropriate governmental unit, or ... which would otherwise be a valid subject for the allocation of public funds." Section 196.012(5), Florida Statutes (1975). The lessee in the present case does not serve a governmental purpose. The Corporation's operation of the speedway "is purely proprietary and for profit." Williams v. Jones, 326 So.2d 425, 433 (Fla. 1975) (reh. den. 1976). The Corporation exists in order to make profits for its stockholders and uses the leasehold to further that purpose. This use is determinative: "It is the utilization of leased property from a governmental source that determines *287 whether it is taxable under the Constitution." Straughn v. Camp, supra, at 695.
341 So.2d at 502.
Similarly, in Markham v. Maccabee Investments, Inc., 343 So.2d 16 (Fla. 1977), we refused to apply the exemption of sections 196.012(5) and 196.199(2) to a private, profit-making corporation utilizing a government leasehold. The Fourth District in Markham had held that a private party's leasehold interest in a municipally-owned facility used primarily for theater productions was tax exempt because the use of the facility served a public purpose under section 196.012(5). However, we reversed this holding on the authority of Volusia County.
We reject respondents' argument that the present case is substantially different from Williams and Volusia County so as to render those decisions inapplicable. We further reject the cases respondents cite as controlling. Their reliance on Daytona Beach Racing and Recreational Facilities District v. Paul, 179 So.2d 349 (Fla. 1965), and Dade County v. Pan American World Airways is misplaced in light of our decision in Volusia County v. Daytona Beach Racing and Recreational Facilities District, wherein we expressly overruled Daytona Beach Racing and Recreational Facilities District v. Paul and also noted that the statutory provision considered in Dade County v. Pan American World Airways had been superseded. Hillsborough County Aviation Authority v. Walden is inapplicable for the same reason.
Furthermore, the rationale expressed in the decision of the Second District in Hertz Corporation v. Walden and approved by this Court in Walden v. Hertz Corporation is inconsistent with our subsequent decisions in Williams v. Jones and Volusia County v. Daytona Beach Racing and Recreational Facilities District, and this rationale has been impliedly overruled by these subsequent decisions. We hereby expressly recede from our prior decision in Walden v. Hertz Corporation to the extent that it is inconsistent with our present decision.
Applying the "function by utilization" test of Williams v. Jones, we hold that the district court and the trial judge erred in holding that the leasehold interests of Host, Dobbs, and Bonanni were not taxable. It is undisputed that these leaseholds are being utilized for commercial, profit-making purposes, and for this reason they have a "governmental-proprietary" function. Having such a function, they are taxable. The First District Court of Appeal in St. Johns Associates v. Mallard, 366 So.2d 34 (Fla.1st DCA 1978), reached a similar result in denying an exemption from taxation claimed by a leaseholder of the Jacksonville Port Authority. The rationale of the First District in that case is consistent with our holding in this case.
Accordingly, the decision of the Second District is quashed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., BOYD, OVERTON and HATCHETT, JJ., and VANN, Associate Justice, concur.
ADKINS, J., dissents.